EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>    v.<br><br>José Cartagena Fuentes<br>    Peticionaro | Certiorari<br><br>2000 TSPR 150 |
|---|---|

Número del Caso: CC-2000-0734

Fecha: 13/octubre/2000

Tribunal de Circuito de Apelaciones:

Circuito Regional V

Juez Ponente:

Hon. Antonio J. Negroni Cintrón

Abogada de la Parte Peticionaria:

Lcda. Cándida Valdespino Zapata

Oficina del Procurador General:

Hon. Gustavo A. Gelpí
Procurador General

Materia: Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

    Recurrido

       v.                      CC-2000-734

José Cartagena Fuentes

    Peticionario

PER CURIAM
(REGLA 50)

San Juan, Puerto Rico a 11 de octubre de 2000

Debemos determinar cuándo comienza a computarse el término dentro del cual deberá el Ministerio Fiscal presentar la acusación en casos por delito grave conforme a las disposiciones de la Regla 64(n) de las de Procedimiento Criminal.

El peticionario José Cartagena Fuentes solicita la revisión de una resolución dictada el 28 de agosto de 2000, por el Tribunal de Circuito de Apelaciones, mediante la cual denegó el recurso de *certiorari* que le fuera presentado por éste, fundamentándose en que los términos para presentar la acusación en casos por delito grave se computan "a partir del momento en que se autorizó la presentación de la acusación al determinarse causa

probable para acusarlo" en la vista preliminar bajo la Regla 23 de las de Procedimiento Criminal. Por considerar que dicho término se computa desde la fecha del arresto o detención del acusado para responder del delito, revocamos.

I

El 15 de abril de 2000, se determinó causa probable para arrestar a José Cartagena Fuentes por violación al Artículo 404 de la Ley de Sustancias Controladas,[1] en una vista a la que compareció sin representación legal y por hechos ocurridos ese mismo día. Se le impuso una fianza de dos mil dólares ($2,000.00) la cual no pudo prestar, por lo que fue ingresado en la Cárcel Regional del Sur. Se señaló la vista preliminar al amparo de la Regla 23 de las de Procedimiento Criminal[2] para el 3 de mayo de 2000. El 2 de mayo se designó a la Sociedad para Asistencia Legal para representar al acusado en dicha vista preliminar. El 3 de mayo la vista preliminar fue suspendida ya que el peticionario no fue trasladado de la cárcel en que se encontraba detenido, además de que la magistrada designada a presidir la misma estaba impedida de hacerlo, por razón de que era la misma jueza que había determinado causa probable para su detención bajo la Regla 6.[3] La vista fue pospuesta para el día 9 de mayo, pero tampoco pudo celebrase ya que los testigos de cargo no comparecieron, por lo que se transfirió la misma para el 23 de mayo. Finalmente, la vista fue celebrada el 24 de mayo de 2000. Se determinó causa probable para acusar por el Art. 404 de la Ley de Sustancias Controladas y se señaló la lectura de la acusación para el 20 de junio, pero no se pudo celebrar en esa fecha debido a que el pliego acusatorio no había sido presentado. No fue hasta el 5 de julio que el Ministerio Público presentó la acusación, celebrándose la lectura de la misma seis (6) días más tarde.

En el acto de lectura de la acusación, la representación legal del peticionario solicitó la desestimación de la misma al amparo de la Regla 64 (n)(2) de las de Procedimiento Criminal. El tribunal señaló el juicio para el 3 de agosto de 2000 e indicó que la solicitud de desestimación se resolvería ese día. Llegado el día, el tribunal denegó la desestimación, aduciendo, erróneamente, que los términos se computan a base de días laborables y no en días calendarios. Señaló juicio en su fondo para el 28 de agosto de 2000.

De tal resolución acudió el peticionario mediante recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, imputándole error al Tribunal de Primera Instancia al determinar que los términos se computan en días laborables y no en días calendarios. Argumentó que procedía la desestimación de la acusación fundamentada en la Regla 64 (n)(2) de Procedimiento Criminal, ya que habían transcurrido 81 días desde el arresto realizado el 15 de abril hasta el 4, día en que se presentó la acusación.

---

[1] Penalidad por posesión, libertad a prueba y supresión de récord por primer delito, 24 L.P.R.A. sec. 2404.

[2] 34 L.P.R.A. Ap. II, R.23.

[3] 34 L.P.R.A. Ap. II, R. 6.

El Tribunal de Circuito de Apelaciones emitió resolución el 28 de agosto de 2000, de la cual aquí se recurre, en la cual denegó el auto solicitado. Razonó dicho tribunal que el término de treinta días que establece la regla para celebrar la vista preliminar y que comenzó a decursar el 15 de abril, día en que fue arrestado, se reactivó a treinta días más el día 3 de mayo, día en que fue suspendida la vista. Como tal término vencía el 2 de junio, la celebración de la vista preliminar el 24 de mayo todavía estaba a tiempo.

Determinó además, que el término de sesenta (60) días[4] que tenía el Ministerio Fiscal para presentar la acusación contra el peticionario comenzó a transcurrir el 24 de mayo de 2000, fecha en que se autorizó la presentación de dicha acusación, al determinarse causa probable para ello. Concluyó el foro apelativo que dicho término vencía el 24 de julio y como la acusación se presentó el 5 de julio, no se violó el derecho a juicio rápido del acusado. Citando a Pueblo v. Garrik, 105 D.P.R. 178 (1976), el Tribunal Apelativo interpretó que al haberse suspendido por justa causa[5] la vista preliminar señalada para el 3 de mayo, automáticamente se extendió el término para la celebración de la misma. Sin embargo, concluyó erróneamente que dicha suspensión tuvo el efecto simultáneo de extender el término para presentar la acusación. Al parecer, dicho foro entendió que existen dos términos consecutivos: el primero, para la celebración de la vista preliminar y el segundo, contado a partir de la celebración de la vista preliminar, para presentar la acusación. Inexplicablemente, fijó este último término en sesenta (60) días.

II

En atención al fundamental derecho a juicio rápido consagrado en la sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, nuestras Reglas de Procedimiento Criminal y su jurisprudencia interpretativa, han delimitado períodos de tiempo constitucionalmente razonables para cubrir varias etapas entre el arresto y el juicio, ya que hemos interpretado que este derecho cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder ("held to answer"). Pueblo v. Candelaria Vargas, res. el 18 de junio de 1999, 99 TSPR 96; Pueblo v. Miró González, 133 D.P.R. 813 (1993); Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987) Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986). Véase además, D. Nevares, Sumario de Derecho Procesal Penal Puertorriqueño, 5ta. Ed. Rev., 1998, pág. 133; E. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, 1992, Vol. II, pág. 157.

Hemos reconocido además, que el derecho a juicio rápido es de naturaleza dual puesto que ampara tanto al acusado como a la sociedad. Pueblo v. Arcelay Galán, 102 D.P.R.409 (1974). Véase además, O. E. Resumil, Derecho Procesal Penal, Hato Rey, Equity Pub. Co., 1990, T.1, p. 246.

---

[4] Dicho término en este caso es de treinta (30) días en virtud de lo dispuesto en el párrafo (1) de la Regla 64 (n) de las ya citadas.

[5] Tampoco aparece del récord en este caso que la hubiera.

La Regla 64(n), que regula estatutariamente el derecho a juicio rápido, establece varios términos, que corren simultáneamente partiendo del momento del arresto o detención del imputado, para la presentación de la acusación en los casos graves, así como para la celebración de la vista preliminar, de acuerdo a la condición procesal del imputado. Dicha regla dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos: [....]

(n) Que existe una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

(1) Que el acusado estuvo detenido en la cárcel por un total de treinta (30) días después de su arresto sin que se hubiere presentado acusación o denuncia contra él, o que ha estado detenido por un total de quince (15) días sin que se hubiere presentado una acusación o denuncia contra él si se tratare un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

(3) Que el acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio.

(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.

(5) Que la persona estuvo detenida en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiere celebrado la vista preliminar en los casos que deba celebrarse.

(6) Que no se celebró vista preliminar a la persona dentro de los sesenta días de su arresto en los casos en que deba celebrarse. (Énfasis nuestro) [...]

Como vemos, cuando la persona se encuentra encarcelada para responder del delito imputado, dispone el párrafo (1) del referido inciso que el término para la celebración de la vista preliminar es de treinta (30) días a partir de su arresto o detención, siendo dicho término la mitad del término dispuesto para cuando la persona se encuentra en libertad bajo fianza en consideración a que, amparándole a todos los acusados la presunción de inocencia, aquel que se encuentra restringido sumariamente de su libertad por no haber podido prestar fianza, debe ser sometido a juicio en un término más corto. Esto es, cuando la persona no se encuentra encarcelada, entonces dicho término se duplica a sesenta (60) días, según dispone el párrafo (2) de dicho inciso (n). Veáse O.E. Resumil, op. cit, pág. 374; E. Chiesa, op. cit., pág. 158.

Vemos, pues, que ausente justa causa o causa imputable al imputado, y con el objetivo de evitar la indebida y opresiva encarcelación del imputado antes del juicio, la Regla 64(n) concede al Ministerio Público un término de treinta (30) días para presentar la acusación

en contra de aquel que está encarcelado esperando ser sometido a juicio y otro término de sesenta (60) días para que se celebre el juicio, a partir de la fecha en que fue presentada la acusación en su contra, conforme lo dispone el párrafo(3). Prescribe, además, el párrafo (4) que el juicio al acusado que no está encarcelado, deberá ser celebrado dentro de los ciento veinte (120) días siguientes a la presentación de la acusación.

II

Los párrafos (5) y (6) de la Regla 64 (n) fueron añadidos a la misma mediante enmienda efectuada a tenor con lo resuelto por este Tribunal en Pueblo v. Opio Opio, 104 D.P.R. 165 (1975). Sobre el particular expresamos, en la página 170 del mencionado caso, lo siguiente:

> [C]onsideramos adecuado un término de sesenta días para celebrar la [vista preliminar], contados desde el arresto del acusado o su citación para responder del delito imputado. Coincide con el **término máximo** provisto en la Regla 64(n)(2) de Procedimiento Criminal para presentar acusación o denuncia contra el acusado, y sólo podrá extenderse por justa causa, o por demora imputable al acusado o consentida por éste.[6] (Énfasis nuestro)

Evidentemente, la intención legislativa al enmendarse la regla mediante las referidas dos adiciones, no fue la de extender el término para presentar la acusación o denuncia. Una vez detenido el acusado, los términos de los referidos sub-incisos (5) y (6) corren simultáneos o paralelos a los términos de los sub-incisos (1) y (2). Esto es, el término para la celebración de la vista preliminar es el mismo, por ser simultáneo, que tiene el Ministerio Público para presentar la acusación.

No estamos ajenos a la dificultad que a veces puede ocasionar el que sea un mismo término, tanto para celebrar la vista preliminar como para presentar la acusación. No obstante en atención al fundamental principio que estamos atendiendo, fue la intención de este Tribunal en Pueblo v. Opio Opio, supra, que el Ministerio Público obtuviese la determinación de causa probable en la vista preliminar dentro del término constitucionalmente razonable y ya establecido para presentar la acusación.[7]

A pesar de que en Pueblo v. Garrik, supra, a manera de dictum expresamos que en ausencia de circunstancias extraordinarias y excepcionales demostrativas de un abuso del término para la celebración de la vista preliminar, no violaba el derecho a juicio rápido una acusación presentada once (11) días después de vencido el término para ello, nuestra razón de decidir en dicho caso se fundamentó en la omisión del acusado en solicitar la desestimación de la acusación al momento de la lectura de la misma, antes de hacer alegación, según lo requiere la Regla 63 de las de Procedimiento Criminal. Concluímos, por lo tanto, que el acusado renunció

---

[6] El imputado en dicho caso estaba en libertad bajo fianza. Por eso nos referimos al término provisto en el párrafo (2) de la Regla 64(n).

[7] También estamos conscientes del efecto expansivo a las reglas de nuestra determinación en Pueblo v. Vélez Castro, 105 D.P.R. 246 (1976), donde, ante el silencio de la R. 64 (n), establecimos un término de sesenta (60) días a partir de la determinación adversa al Ministerio Público, para celebrar la vista preliminar en alzada. Todo ello, porque según hemos expresado "[l]a frase 'juicio rápido' es un concepto constitucional, entre tantos otros, de contenido determinado en parte y en parte variable o flexible y sujeto a los procesos generales de cambio que afectan el derecho y la ley". Pueblo v. Arcelay Galán, supra, a la página 413.

por tal motivo, a su defensa bajo la Regla 64(n)(2).[8] Con posterioridad a Garrik hemos resuelto más claramente que cuando la suspensión de la vista preliminar o del juicio es por justa causa o imputable al acusado, en uno y otro caso dichos términos comienzan a decursar desde la fecha en que estuvieran tales vistas señaladas. Ausente justa causa o causa imputable al acusado, en casos en que la determinación de causa probable para presentar la acusación recaiga en el último día del término, ello podría ser causa justificada para conceder un corto período de gracia no mayor de dos (2) días laborables para la presentación de la misma. Veáse Chiesa, op., cit., pág. 167. No obstante, constituye una obligación ineludible de los jueces la de velar por que la vista preliminar sea celebrada dentro de los términos dispuestos por el referido ordenamiento procesal, con suficiente antelación a la fecha de expiración de los mismos a fin de que el Ministerio Fiscal tenga una oportunidad razonable para redactar y presentar la acusación dentro de los referidos términos.

III

En el caso de autos, la detención del peticionario se produjo el 15 de abril al determinarse causa probable para arresto y haber sido encarcelado al no poder prestar fianza. En ese momento se activó el derecho a juicio rápido del peticionario y los términos que para ello se disponen, ya que quedó sujeto a responder. Ninguna de las suspensiones de la vista preliminar se le puede imputar al detenido. Aún cuando en la vista del 3 de mayo la defensa no objetó el señalamiento hecho para fuera del término de los treinta (30) días, contado a partir de su arresto, para celebrar la vista preliminar, no por ello consintió a que dicho término se reactivara para comenzar a computarse de nuevo en ese momento. Hemos resuelto que la renuncia al derecho a juicio rápido tiene que ser hecha de manera expresa.[9] Por tanto, el período de treinta (30) días que tenía, tanto el Tribunal para celebrar la vista preliminar como el Ministerio Fiscal para presentar la acusación, dada la situación de encarcelamiento del imputado, no quedó interrumpido. No obstante, la suspensión de la vista señalada para el 9 de mayo fue por justa causa ya que la misma obedeció a que no comparecieron los testigos del Estado. Por tal motivo, el término para la presentación de la acusación quedó interrumpido, comenzando a decursar nuevamente a partir de esta última fecha. En vista de ello, dicho término expiró el 8 de junio. A pesar de que la vista preliminar fue celebrada el 24 de mayo, quedándole al Ministerio Público quince (15) días, tiempo más que suficiente para la presentación de la acusación, no fue hasta el 5 de julio de 2000, o sea, veintisiete (27) días después de expirado el término, que presentó la misma.

---

[8] El acusado se encontraba bajo fianza.

[9] Aunque hemos reconocido que el derecho a juicio rápido es renunciable, hemos rechazado la renuncia implícita que supone no invocar oportunamente el derecho a juicio rápido ante una suspensión. Pueblo v. Arcelay Galán, supra. Véase además, Barker v. Wingo, 407 U.S. 514 (1972).

Al momento de la presentación de la acusación el peticionario llevaba 81 días encarcelado. La regla es clara al imponer un término máximo de treinta (30) días para presentar la acusación, ausente justa causa o causa alguna imputable al detenido. No debe quedar duda del perjuicio resultante de hallarse encarcelado indebidamente, en detrimento de la presunción de inocencia, desligado de la vida familiar, a expensas de las calamidades del sistema carcelario, al efecto nocivo de que se vea perjudicada su defensa con el paso del tiempo y expuesto a la incertidumbre de la espera de una determinación. Indudablemente se le ha violado al peticionario su derecho a un juicio rápido.

IV

Han sido muchos los errores a los que ha tenido que enfrentarse el acusado en su azaroso encuentro con la justicia: el que un juez de primera instancia determinara que los términos de juicio rápido se computan a base de días laborables; que no se tomara en cuenta su condición procesal de encarcelamiento en el cómputo de su derecho a juicio rápido; la determinación de que el término para presentar la acusación se computa a partir del momento en que se determina causa probable para acusar; la determinación de que hubo justa causa para las dilaciones por parte del Estado; la errónea determinación de que renuncia totalmente al derecho a juicio rápido aquel que no objeta a la posposición de la vista preliminar por causa que no le es imputable. Todo ello en perjuicio y en detrimento de un derecho constitucional del más alto rango.

Por lo anteriormente expresado, se expedirá el auto de certiorari solicitado y se dictará sentencia sin ulteriores trámites según lo autoriza la Regla 50 de nuestro Reglamento, revocando el dictamen del Tribunal de Circuito de Apelaciones y decretando, en consecuencia, la desestimación de la acusación presentada en este caso.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Pueblo de Puerto Rico

    Recurrido

        v.                           CC-2000-734

José Cartagena Fuentes

    Peticionario


SENTENCIA

San Juan, Puerto Rico, a 11 de octubre de 2000

      Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari solicitado y se dicta sentencia sin últeriores trámites, según lo autoriza la Regla 50 de nuestro Reglamento, revocando el dictamen del Tribunal de Circuito de Apelaciones y se decreta, en consecuencia, la desestimación de la acusación presentada en este caso.

      Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo