EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br>    Recurrido<br><br>                v.<br><br>Melvin De Jesús Rivera<br>    Acusado-Peticionario | Certiorari<br><br>2002 TSPR 76<br><br>156 DPR \_\_\_\_ |

Número del Caso: CC-2000-626


Fecha: 6/junio/2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional V


Juez Ponente:
                    Hon. Rafael Ortiz Carrión



Oficina del Procurador General:
                    Lcda. Marta Maldonado Maldonado
                    Procuradora General Auxiliar


Abogada de la Parte Peticionaria:
                    Lcda. Doris Carrero Ruiz



Materia: Art. 4 Ley de Armas



        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                   CC-2000-626      CERTIORARI

Melvin De Jesús Rivera

    Acusado-peticionario

**SENTENCIA**

San Juan, Puerto Rico, a 6 de junio de 2002

Los hechos del presente caso son extremadamente sencillos. Contra Melvin De Jesús Rivera se determinó causa probable por la alegada comisión de unos delitos menos graves; el juez instructor permitió que éste permaneciera en libertad, sin fianza, hasta la celebración del correspondiente juicio. Posteriormente, De Jesús Rivera fue citado para que compareciera nuevamente al tribunal en relación con la supuesta comisión de otros dos delitos menos graves; relacionados todos dichos delitos menos graves con la misma situación de hechos, esto es, una disputa familiar.

De Jesús Rivera no compareció a la vista señalada. En virtud de ello, un magistrado ordenó su arresto, por el delito de desacato, con

una fianza de $2,000.00; <u>fue arrestado e ingresado a prisión al no poder prestar la fianza antes mencionada.</u>

Habiendo transcurrido el término de sesenta (60) días, <u>desde la fecha en que De Jesús Rivera había sido ingresado en prisión por el delito de desacato,</u> sin que éste hubiese sido sometido a juicio, su representación legal solicitó la desestimación, al amparo de las disposiciones de la Regla 64(n)(3), <u>no sólo</u> del cargo por desacato <u>sino que</u> de los delitos menos graves por los cuales se había originalmente determinado causa probable.

El tribunal de instancia ordenó, <u>correctamente</u>, la desestimación del cargo por desacato y, en consecuencia, ordenó su excarcelación. <u>Igualmente</u> de forma correcta, <u>denegó</u> la desestimación de las denuncias por los delitos menos graves por los cuales, <u>originalmente</u>, se había determinado causa probable contra De Jesús Rivera. <u>Correctamente</u> razonó dicho foro que, dados los hechos particulares del caso, el término de sesenta (60) días que establece el Inciso 3 de la Regla 64(n) <u>exclusivamente</u> se aplicaba al delito de desacato, <u>único</u> delito por el cual éste había sido ingresado en prisión.

Inconforme, De Jesús Rivera acudió ante el Tribunal de Circuito de Apelaciones --vía certiorari-- en revisión de la acción denegatoria del foro de instancia. El tribunal apelativo intermedio, <u>correctamente</u>, declaró <u>sin</u> lugar el referido recurso, aduciendo en apoyo de su negativa prácticamente el mismo razonamiento del foro de instancia.

Aun insatisfecho, De Jesús Rivera acudió --vía certiorari-- ante este Tribunal en revisión de la determinación del tribunal apelativo intermedio, imputándole al mismo haber errado:

> "...al determinar que el plazo que establece la Regla 64(n)(3) de Procedimiento Criminal aplica sólo en los casos en que la persona está detenida por no haber prestado fianza

para garantizar su comparecencia al juicio por el delito que se le imputa, pero no aplica cuando está detenida por otra razón que no sea la antes expuesta."

Expedimos el auto de certiorari radicado. Resolvemos.

I

El derecho a juicio rápido, derecho consagrado en términos generales en la Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico —-reglamentado el mismo de manera más específica, en las disposiciones de la Regla 64(n) de las Reglas de Procedimiento Criminal-- es uno de carácter fundamental. Pueblo v. Rivera Arroyo, 120 D.P.R. 114 (1987).

En Pueblo v. Valdés Medina y otros, res. el 4 de diciembre de 2001, 2001 TSPR 167, reiteramos que la referida protección constitucional, la cual le asiste a todo imputado de delito, se activa desde el momento mismo en que un juez determina causa probable y se cita y/o se arresta y se detiene a un ciudadano por la supuesta comisión de un delito. Enfatizamos, en el citado caso, que la situación del acusado es el factor que determinará cuál de los términos establecidos en la Regla 64 de Procedimiento Criminal es el que habrá de aplicarse en cada caso en particular.

La razón para la aplicación de términos distintos resulta ser evidente: a todo imputado de delito le ampara la presunción de inocencia; aquél que se encuentra privado de su libertad, por no haber podido prestar la fianza requerídale para garantizar su comparecencia a juicio, debe de ser sometido a juicio en un periodo de tiempo más corto que aquél que se encuentra, en espera de la celebración del mismo, en la libre comunidad. Pueblo v. Cartagena Fuentes, res. el 11 de octubre de 2000, 2000 TSPR 150.

Ello así, pues si bien el encarcelamiento de un imputado de delito, que goza de la presunción de inocencia, se justifica por el interés que tiene la sociedad de garantizar la comparecencia de éste al acto del juicio, la consecución de este interés o fin está sujeta al cumplimiento de términos constitucionalmente razonables, mediante el establecimiento de los cuales se procura evitar la opresiva reclusión del imputado previo a la celebración del juicio.

Ahora bien, resulta de cardinal importancia mantener presente que el derecho a juicio rápido que cobija a todo imputado de delito cobra vigencia respecto a cada delito por separado. Dicho de otra forma, aun en relación con una misma situación delictiva, el "comienzo y final" de los términos que establece la citada Regla 64(n) pueden ser distintos, dependiendo de cuándo se determina causa probable por los diferentes delitos y dependiendo de cuándo se cita o se arresta al imputado de delito y si éste es ingresado, o no, a prisión, por no poder prestar la fianza impuesta.

Consecuencia de lo anteriormente expresado resulta ser que un tribunal --en relación con una misma situación delictiva-- podría verse en la obligación de declarar con lugar una solicitud de desestimación de una denuncia o acusación, por violación injustificada e inexcusable de un término provisto por la Regla 64(n) y, a la misma vez, denegar la desestimación solicitada en cuanto a otra denuncia o acusación por no haber transcurrido el término provisto por la citada disposición reglamentaria en cuanto a otra denuncia o acusación en particular.[1]

---

[1] Aun cuando realmente no es necesario hacerlo, ejemplo de lo expresado sería el caso en que se determina causa contra un individuo --y éste es ingresado a prisión-- por infracción a varios artículos de la Ley de Armas de Puerto Rico por una alegada agresión contra otro ciudadano, el cual muere tres (3) meses después, provocando ese hecho una nueva determinación de causa contra el agresor por el delito de asesinato.

Por otro lado, resulta procedente señalar que la situación anteriormente señalada no cambia ni varía en lo más mínimo por el hecho de que el tribunal ordene la "consolidación" de los casos. La consolidación solamente tiene el efecto de que el juicio en su fondo, de los diferentes cargos, se vea conjuntamente. La misma no tiene ningún efecto sobre los términos, a aplicarse, de la Regla 64(n) de Procedimiento Criminal.

En resumen: siendo los delitos por los cuales originalmente se determinó causa probable contra el aquí peticionario --y en relación con los cuales éste nunca estuvo sumariado-- completamente distintos del delito de desacato por el cual éste fue ingresado en prisión, a los mismos le son de aplicación términos distintos, a saber: conforme se establece en el Inciso 3 de la Regla 64(n), el peticionario tenía que ser sometido a juicio, por el delito de desacato, dentro del término de sesenta (60) días de haber sido arrestado e ingresado en prisión; en relación con los delitos originales, el Estado tenía el término de ciento veinte (120) días, contados a partir de la determinación de causa probable, para celebrarle el juicio al peticionario, ello según lo establece el Inciso 4 de la citada Regla 64(n).

El hecho de que el desacato fuera referente a una vista relacionada a los delitos originales, no tuvo el efecto de abreviar el mencionado término de ciento veinte (120) días. Estos son delitos completamente distintos que, incluso, son punibles en forma separada.

Por los fundamentos antes expuestos, se confirma la actuación tanto del Tribunal de Circuito de Apelaciones como del Tribunal de Primera Instancia.

---

En esta situación, los términos provistos por la Regla 64(n) de Procedimiento Criminal no comparten la misma fecha de comienzo como tampoco la disposición constitucional que prohíbe el estar sumariado por más de seis (6) meses.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Opinión disidente. El Juez Asociado señor Rivera Pérez concurrió en el resultado sin opinión escrita.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                            CC-2000-626       Certiorari

Melvin De Jesús Rivera

    Peticionario

Opinión Disidente emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 6 de junio de 2002.

Una vez más me veo obligado a disentir en cuanto a la interpretación que hace una mayoría del Tribunal sobre el derecho a juicio rápido de un acusado.

Veamos primero **todos** los hechos pertinentes del caso de autos ya que la mayoría en su escueta sentencia los simplifica en extremo.

Por hechos alegadamente ocurridos el 6 de febrero de 2000, el 10 de marzo de 2000 se presentaron ante el Tribunal de Primera Instancia, Sala Municipal de Santa Isabel, dos denuncias contra el peticionario Melvin De Jesús Rivera (De Jesús). **Se le imputó la comisión de dos delitos menos graves, uno de agresión (Art. 95 del Código Penal, 33 L.P.R.A. sec. 4032) y el otro de amenaza (Art. 153 del Código Penal, 33 L.P.R.A. sec. 4194). El peticionario compareció solo ante el magistrado correspondiente, quien determinó**

causa probable, pero no ordenó el arresto del peticionario ni le fijó fianza. Posteriormente, el peticionario fue citado para que el 20 de marzo de 2000 compareciera otra vez ante el foro judicial referido en relación a la alegada comisión de otros dos delitos menos graves, uno de alteración a la paz y otro de obstrucción a la autoridad pública (Art. 260 y 258 del Código Penal, 33 L.P.R.A. secs. 4521 y 4493). Estos dos delitos al igual que los dos primeros estaban relacionados todos con unos mismos incidentes sobre una disputa familiar, en la que el imputado aparentemente salió en defensa del honor de su padre, a quien alegadamente "se las estaban pegando". Como el peticionario no compareció en esa segunda ocasión, el tribunal lo encontró incurso en desacato[2], por lo que ordenó su arresto y le impuso una fianza de dos mil dólares ($2,000). El tribunal también señaló el juicio correspondiente para el 12 de abril de 2000. El peticionario fue arrestado el día siguiente, 21 de marzo de 2000, e ingresado de inmediato a la cárcel. Días más tarde, el 27 de marzo de 2000, y por los mismos hechos alegados en la denuncia anterior por el cargo de obstrucción a la autoridad pública, se presentó contra el peticionario una acusación por la alegada infracción del Art. 4 de la Ley de Armas, 25 L.P.R.A. sec. 414 (poseer una jeringuilla "arma mortífera"), que es también un delito menos grave, por lo que no conllevaba el derecho a una vista preliminar. Este cargo se presentó ante otro foro judicial, el Tribunal de Primera Instancia, Sala Superior de Ponce, por el mismo policía municipal de Santa Isabel que antes había presentado las dos denuncias referidas el 20 de marzo de 2000 ante un magistrado en Santa Isabel.

---

[2] La orden del tribunal de 20 de marzo de 2000 expresamente disponía que la no comparecencia del imputado a la vista judicial a la cual había sido citado configuraba el delito de desacato criminal.

Así las cosas, el 24 de abril de 2000, se llamó el caso para el acto de lectura de acusación respecto al último cargo referido en el párrafo anterior, en el Tribunal de Primera Instancia, Sala Superior de Ponce. El peticionario no compareció debido a que se encontraba confinado y no fue llevado al tribunal. El foro judicial entonces ordenó que el peticionario fuese traído ante sí el día siguiente para continuar con los procedimientos.

El 25 de abril de 2000, se dio lectura a la acusación correspondiente a la infracción del Art. 4 de la Ley de Armas, supra. Como estaban todos íntimamente relacionados, el tribunal también ordenó la consolidación de dicho cargo con los otros casos de delitos menos graves pendientes en la Sala Municipal de Santa Isabel, antes mencionados. La representación legal del peticionario solicitó en ese procedimiento la desestimación de las denuncias referidas, al amparo de lo dispuesto en la Regla 64(n)(1) de Procedimiento Criminal, en vista de que De Jesús llevaba más de treinta (30) días confinado.[3] El foro de instancia dejó pendiente este planteamiento de la defensa, y señaló para el 8 de mayo de 2000 la celebración del juicio por todos los cargos existentes contra el peticionario.

Llegado el 8 de mayo de 2000, el tribunal suspendió el juicio y lo re-señaló para el 2 de junio de 2000, porque los casos por delitos menos graves que había ordenado consolidar no habían sido transferidos aún.

El 2 de junio de 2000, antes de comenzar el juicio, la representación legal del peticionario solicitó nuevamente la desestimación de todas las denuncias que existían contra el

---

[3] Dispone el inciso referido de la Regla 64 que pueden desestimarse los cargos en cuestión cuando "el acusado estuvo detenido en la cárcel por un total de treinta (30) días después de su arresto sin que se

peticionario, esta vez al amparo de la Regla 64(n)(3) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R 64(n)(3), que dispone la desestimación de una acusación o una denuncia cuando "el acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio". Adujo la defensa que al peticionario se le había vulnerado su derecho a un juicio rápido, por estar detenido más de sesenta (60) días sin habérsele celebrado juicio. Hasta ese momento llevaba setenta y dos (72) días encarcelado.

Ante el planteamiento del peticionario, el Tribunal de Instancia ordenó la desestimación de la denuncia por desacato y ordenó la excarcelación de De Jesús. En cuanto a los casos pendientes, declaró sin lugar la solicitud de desestimación. Explicó el tribunal que el peticionario había sido ingresado a la cárcel sólo por el delito de desacato, por lo que los términos de juicio rápido fijados por la citada Regla 64(n)(3) sólo le aplicaban a ese cargo, y no a los otros cargos pendientes.

Inconforme con el referido dictamen, el peticionario recurrió al Tribunal de Circuito de Apelaciones. Adujo otra vez que se le había violado su derecho a un juicio rápido. En particular, señaló que la Regla 64(n)(3), *supra*, dispone la desestimación de los cargos pasados los sesenta (60) días del encarcelamiento, sin que importen las razones por las cuales haya ocurrido la detención, sea por no haber podido prestar fianza o por un desacato relacionado con las denuncias pendientes.

---

hubiese presentado acusación o denuncia contra él"... 34 L.P.R.A. Ap. II R 64(n)(1).

El 7 de julio de 2000, el foro apelativo declaró sin lugar la solicitud de certiorari del peticionario, mediante una breve y escueta resolución. Concluyó sólo que:

> La Regla 64(n)(3) establece un plazo acelerado de 60 días para la celebración del juicio en los casos en que la persona está detenida por no haber prestado fianza para garantizar su comparecencia al juicio por el delito que se le imputa. Las personas que están detenidas por una razón que no sea la de garantizar la comparecencia al juicio por el delito que se les imputa, no tienen derecho al juicio acelerado garantizado por la Regla 64(n)(3).

Inconforme con la anterior determinación, el peticionario recurrió ante nos y adujo que:

> Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el plazo que establece la Regla 64(n)(3) de procedimiento criminal aplica sólo en los casos en que la persona está detenida por no haber prestado fianza para garantizar su comparecencia al juicio por el delito que se le imputa, pero no aplica cuando está detenida por otra razón que no sea la antes expuesta.

El 12 de julio de 2000, expedimos el recurso de certiorari solicitado ante nos por el peticionario a fin de revisar el dictamen del foro apelativo.

## II

En reiteradas ocasiones hemos reconocido que el derecho constitucional a un juicio rápido es de carácter fundamental. **Pueblo v. Rivera Arroyo**, 120 D.P.R. 114 (1987); **Pueblo v. Reyes Herrans**, 105 D.P.R. 658 (1977); **Pueblo v. Opio Opio**, 104 D.P.R. 165 (1975); **Pueblo v. Arcelay Galán**, 102 D.P.R. 409 (1974), **Jiménez Román v. Tribunal Superior**, 98 D.P.R. 874 (1970). Se trata de un derecho expresamente reconocido en la Sección Once (11) de la Carta de Derechos de nuestra Constitución, cuyo alcance concreto está establecido en nuestras Reglas de Procedimiento Criminal. **Pueblo v.**

<u>Santa Cruz</u>, res. el 22 de septiembre de 1999, 149 D.P.R. \_\_\_, 99 TSPR 144, 99 JTS 149. Este fundamental derecho existe para evitar que se inflija un castigo a un imputado antes de habérsele celebrado su juicio. También se procura evitar que se menoscabe la capacidad para defenderse del imputado; y minimizar la ansiedad, la sospecha pública, y los daños morales y económicos que produce una acusación criminal que no se dilucida a tiempo. <u>Pueblo v. Rivera Tirado</u>, 117 D.P.R. 419 (1986); <u>Pueblo v. Tribunal Superior</u>, 81 D.P.R. 455, 470 (1959). El derecho a un juicio rápido, pues, responde a valores superiores de nuestro sistema de justicia criminal. <u>U.S. v. Ewell</u>, 383 U.S. 116 (1966). Véase, también, <u>U.S. v. MacDonald</u>, 456 U.S. 1 (1982).

El propio Tribunal Supremo de Estados Unidos ha reconocido expresamente el carácter fundamental del derecho a un juicio rápido. <u>Klopfer v. North Carolina</u>, 386 U.S. 213 (1967). Expresamente, también ha señalado el más alto foro americano que se trata de un derecho que no puede ser desatendido livianamente ("may not be dispensed with lightly") <u>Barber v. Page</u>, 390 U.S. 719 (1969); que le impone al gobierno la obligación de actuar "with the dispatch that is appropriate to assure a criminal defendant an early and proper disposition of the charges against him". <u>U.S. v. Marion</u>, 404 U.S. 307 (1971).

En numerosas ocasiones hemos reconocido que el derecho a un juicio rápido, aunque es de carácter fundamental, requiere no obstante que se tomen en cuenta las circunstancias que rodean cada reclamo particular. Es decir, se trata de un derecho que puede ser compatible con cierta tardanza o demora. <u>Pueblo v. Santa Cruz</u>, <u>supra</u>; <u>Pueblo v. Rivera Tirado</u>, <u>supra</u>; <u>Hernández Pacheco v. Flores Rodríguez</u>, 105 D.P.R. 173 (1974). Lo que no se permite es la dilación

injustificada, **o sea, la que no responde a justa causa**; tampoco se permite la demora que es intencional u opresiva. <u>**Pueblo v. Rivera Colón**</u>, **119 D.P.R. 315 (1987). Dicho de otro modo, se requiere que el Estado haya realizado un esfuerzo diligente y de buena fe ("diligent, good-faith effort") por dilucidar judicialmente a tiempo los cargos presentados contra el imputado.** <u>Barker v. Page</u>, <u>supra</u>.

**Con estos principios esenciales en mente, pasemos a examinar la controversia planteada por el peticionario y el dictamen mayoritario.**

III

**La mayoría del Tribunal concluye en su sentencia que la situación del peticionario con respecto a las denuncias por delitos menos graves en cuestión no se rigen por la Regla 64(n)(3) de Procedimiento Criminal, sino por la Regla 64(n)(4), que requiere la desestimación de los cargos cuando han transcurrido** ciento veinte (120) días **desde la presentación de la denuncia sin que el imputado haya sido sometido a juicio. Por ende decreta que no procedía la desestimación de los cargos en cuestión porque en el caso de autos dicho término aún no había vencido cuando el peticionario hizo su solicitud. La mayoría señala que si bien el peticionario había estado encarcelado, su detención en la cárcel respondió sólo al caso por desacato y no a los demás delitos menos graves aún pendientes de juicio.**

**Dicha postura es realmente insostenible. Nótese, en primer lugar, que el desacato referido** <u>estaba estrechamente relacionado con dos de los cargos por delitos menos graves en cuestión</u>. **Fue precisamente porque el imputado no compareció al tribunal luego de haber sido citado en relación a dos denuncias por delitos menos graves**

que el foro de instancia lo encontró incurso en desacato y ordenó su arresto.

En segundo lugar, debe tenerse en cuenta que cuando el Tribunal de Primera Instancia, Sala Municipal de Santa Isabel ordenó el referido arresto del peticionario, dicho foro también señaló una vista en su fondo para dilucidar lo del desacato, que habría de celebrarse prontamente a escasamente tres semanas después del arresto de De Jesús, pero esa vista nunca se celebró. El peticionario, pues, continuó arrestado sin que se hubiera adjudicado el cargo de desacato. El referido cargo por desacato, que por su propia naturaleza debió atenderse rápidamente, y que el juez de la Sala Municipal de Santa Isabel intentó adjudicar prontamente como surge del señalamiento de una vista que hizo para ello, no se dilucidó como era debido. Como consecuencia de ello, el peticionario continuó encarcelado al margen del debido procesamiento por desacato. Véase, 34 L.P.R.A. Ap. II R 242.

Finalmente, y más importante aun, también debe considerarse que cuando el Tribunal de Primera Instancia, esta vez la Sala Superior de Ponce, en ocasión de la lectura de la acusación correspondiente a la imputada infracción del Art. 4 de la Ley de Armas, ordenó la consolidación de todos los cargos menos graves que obraban contra el peticionario para adjudicarlos conjuntamente, el peticionario estaba encarcelado y el foro judicial estaba plenamente consciente de ello. En efecto, la defensa de De Jesús solicitó en esa ocasión la desestimación de todos los cargos y la excarcelación del peticionario, petición que el tribunal dejó pendiente. El peticionario continuó encarcelado mientras se esperaba por la celebración del juicio por todos los cargos que tenía pendiente ante el foro judicial. Conociendo que el peticionario llevaba más de

**treinta (30) días encarcelado, el tribunal aun así señaló una vista para dilucidar todos los cargos para celebrarse dos semanas más tarde, y transcurrido este tiempo, la re-señaló para aun tres semanas más tarde, aunque el peticionario continuaba encarcelado.** El foro de instancia, pues, conscientemente mantuvo al peticionario encarcelado en virtud de <u>todas</u> las denuncias pendientes en su contra, las cuales iba a adjudicar conjuntamente.

**A la luz de las tres circunstancias relatadas antes, no puede concluirse con sentido de realidad que el peticionario sólo estaba encarcelado por el cargo de desacato, como lo hace la mayoría del Tribunal en su sentencia. La mayoría valida el proceder del foro de instancia a pesar de lo desdeñoso que fue con respecto a la situación del imputado, olvidándose de la clara advertencia que hicimos en <u>Pueblo v. Opio Opio</u>, <u>supra</u>, págs. 167-170 de que el derecho a juicio rápido** "podría ser burlado, prolongando sin justificación los términos del derecho fundamental de todo ser humano a sentirse libre de la opresión y la preocupación martirizante" **que genera la imputación de unos actos delictivos. El foro de instancia, ante el cual el peticionario planteó el asunto del juicio rápido en** dos ocasiones, **dejó pasar cuarenta (40) días entre una solicitud y la otra antes de adjudicar el planteamiento de la defensa, sin que importase que el peticionario continuaba detenido. Fue pasados setenta y dos (72) días después de su encarcelación que finalmente dicho foro atendió en forma limitada el requerimiento del peticionario. No hubo aquí, pues, el esfuerzo <u>diligente</u> por dilucidar judicialmente a tiempo el reclamo de juicio rápido formulado por el imputado encarcelado que ha requerido el Tribunal Supremo federal, según señaláramos antes. No puede tratarse tan livianamente, y con la excusa del cargo por desacato, el derecho fundamental a juicio**

rápido. Validar lo que hizo el foro de instancia aquí, como lo hace una mayoría de este Tribunal, abre las puertas a que el derecho a juicio rápido sea burlado o menoscabado por el descuido o la ligereza de los jueces que atienden este asunto. El mensaje que la mayoría manda es que el derecho a juicio rápido no es realmente tan fundamental como hemos resuelto antes; y que puede tratarse trivialmente con racionalizaciones técnicas como las del caso de autos.

Como no comparto la concepción tan apocada de la mayoría del derecho a juicio rápido, disiento.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO