EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| :--- | :--- |
| Recurrido | Certiorari |
| v. | 2004 TSPR 13 |
| Rubén Guzmán Meléndez | 160 DPR _____ |
| Peticionario | |

Número del Caso: CC-2003-711

Fecha: 28 de enero de 2004

Tribunal de Circuito de Apelaciones:
          Circuito Regional VII

Juez Ponente:
          Hon. José L. Miranda de Hostos

Abogado de la Parte Peticionaria:
          Lcdo. Lawrence J. Snyder-Zalduondo

Oficina del Procurador General:
          Lcda. Janitza Alsina Rivera
          Procuradora General Auxiliar

Materia: Art. 7.02, Ley 22

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

       Recurrido

         v.

                              CC-2003-711     Certiorari

Rubén Guzmán Meléndez

       Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.

En San Juan, Puerto Rico, a 28 de enero de 2004.

El señor Rubén Guzmán Meléndez nos solicita que revisemos una resolución emitida por el Tribunal de Circuito de Apelaciones, en la que se sostuvo una determinación del Tribunal de Primera Instancia denegando una moción de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal,[1] solicitada por el aquí peticionario por haberse violado su derecho a juicio rápido. La defensa solicitó del Ministerio Público documentación relacionada con el mantenimiento del instrumento para conducir pruebas de aliento que mide el porcentaje de alcohol en la sangre, mejor

---

[1] 34 L.P.R.A., Ap. II, R. 64(n).

conocido como el *Intoxylizer*, y la información o certificación de los peritos a cargo de dicho instrumento. ¿Tiene el Ministerio Público la obligación de entregarle **oportunamente** al acusado dicha información solicitada a través de los medios del descubrimiento de prueba? De no entregarse oportunamente por el Ministerio Público dicha información, ¿qué efecto tiene tal actuación sobre el derecho a juicio rápido del acusado? Esas son las interrogantes que presenta este caso.

I

Al peticionario, señor Rubén Guzmán Meléndez, se le formularon dos (2) cargos por violación a la Ley de Vehículos y Tránsito del 2000.[2] El primero por violación al artículo 7.01 de dicha ley,[3] por alegadamente guiar su vehículo de motor bajo los efectos de .32 centésimas de alcohol en la sangre. El segundo por violación al artículo 5.08[4] de la misma ley, por alegadamente conducir un vehículo de motor en forma negligente y provocar un accidente de tránsito con varios automóviles.

El 30 de enero de 2003, se determinó causa probable para arresto o citación por los cargos imputados[5] y se señaló el juicio en su fondo para el 20 de febrero de 2003.

---

[2] 9 L.P.R.A. Capítulo 27

[3] 9 L.P.R.A. secs. 5201

[4] 9 L.P.R.A. secs. 5128

[5] Apéndices I y II, recurso de certiorari, págs. 1-3.

El día del juicio en su fondo, o sea, el 20 de febrero de 2003, el Ministerio Público le informó al Tribunal de Primera Instancia que en cuanto al accidente medió compensación a las partes perjudicadas. No obstante, algunas de esas partes entendieron que no habían recibido lo que les correspondía. Por tal razón el Ministerio Público informó a ese Tribunal que no estaba preparado para disponer del caso ese día.   El Juez Superior que presidía manifestó que entendía que el caso por conducir en estado de embriaguez podía resolverse ese día y el juicio sobre la causa pendiente por conducir en forma negligente un vehículo de motor y ocasionar daños a terceros, transferirse para otro día.   El Ministerio Público expresó que debía resolverse todo en conjunto.   El Ministerio Público informó al foro primario que ese día no tenía disponible el perito químico por haber sido movilizado al Medio Oriente por razón del conflicto bélico, pero que se estaban realizando gestiones para conseguir otro.   El Tribunal de Primera Instancia transfirió el juicio en su fondo para el 27 de junio de 2003, último día que entendió como hábil para celebrarlo al amparo de la Regla 64(n)(4) de Procedimiento Criminal, supra. El Ministerio Público informó a ese tribunal que esa fecha era una muy tardía.   La defensa no objetó el señalamiento para esa fecha.[6]

El 24 de abril de 2003, el señor Guzmán Meléndez presentó ante el Tribunal de Primera Instancia una moción

---

[6] Apéndice III, Id., págs. 4-5.

sobre descubrimiento de prueba, a tenor con la Regla 95 de Procedimiento Criminal.[7] Dicho escrito tenía cinco (5) páginas y sobre cuarenta (40) apartados constitutivos de diversos requerimientos. Entre otros, solicitó varios documentos relacionados con el mantenimiento del *Intoxilyzer* y la información o certificación del perito a cargo del referido instrumento.[8]

El 28 de abril de 2003, el Ministerio Público solicitó al foro de primera instancia que ordenara al Superintendente de la Policía y al Secretario de Salud suministrar la prueba documental requerida por la defensa.[9]

Luego de varios trámites acaecidos entre las partes para completar el descubrimiento de prueba, el Ministerio Público contestó el requerimiento realizado por la defensa el día señalado para el juicio en su fondo, o sea el 27 de junio de 2003.[10]

Durante los procedimientos celebrados ante el Tribunal de Primera Instancia, el 27 de junio de 2003, las partes manifestaron no estar preparadas para el juicio en su fondo.

A continuación transcribimos lo registrado en la minuta de ese día sobre lo acontecido ante el Tribunal de Primera Instancia:

---

[7] 34 L.P.R.A. Ap. II., R. 95.

[8] Apéndice IV, Id., págs. 6-10.

[9] Apéndice V, Id., págs. 11-12.

[10] Apéndice X, Id., págs. 22-23.

MINUTA

A la vista en su fondo comparece el ministerio público representado por la fiscal Elba Acevedo Pérez. Comparece el imputado representado por el Lcdo. Lawrence J. Snyder Zalduondo.

El licenciado Snyder informa que tiene un planteamiento que hacer antes de continuar con los procedimientos. El 24 de abril de 2003 presentó una moción al amparo de la Regla 95 con unos anejos que es la contestación al descubrimiento de prueba. No ha tenido la oportunidad de examinarlas y sinceramente no está preparado para ver el art. 7.02 conforme al descubrimiento que fue entregado hoy.

El ministerio público informa que el fiscal encargado de este caso no está hoy. Entre los documentos entregados hoy está el certificado de calibración, el informe del técnico clínico, el informe químico y otros documentos solicitados.

El licenciado Snyder informa que al día de hoy no ha examinado esa contestación que le entregaron hace apenas media hora. Tendrá que evaluar toda la prueba para presentar una adecuada defensa para el art. 7.01 ley 22[.]

El Tribunal hace constar que no están preparadas las partes. La defensa no está preparada y se va a reseñalar el caso. Le pregunta al ministerio público si está preparado.

El ministerio público informa que falta el agente Gautier y el señor Marrero que está enfermo. Solicita sean citados.

El licenciado Snyder expresa que el imputado también tiene derecho a juicio rápido.

El tribunal hace constar que si la defensa dice que no está preparada hoy, no hay problema con los términos. Si está preparado para hoy lo dice, el caso se ve y no hay problemas con los términos. El tribunal le da el "ruling", si está preparado para dar inicio en el día de hoy o si no está preparado, pero esto es para ambas partes. Le pregunta a la defensa si está preparado.

El licenciado expresa que no está preparado y entiende que esta demora se debe al ministerio

público contestar y suministrar la contestación de Regla 95 el día del juicio.

El Tribunal declara no ha lugar a lo solicitado por la defensa.

El licenciado Snyder solicita termino para presentar un Certiorari.

El tribunal indica que la defensa tiene el término que establece la ley.

El ministerio público expresa que la información que tiene es que la defensa radicó esta moción en San Juan.

El Tribunal indica para record que en la pasada vista la Regla 95 no había sido unida al expediente y consta en la contestación que se le dio a la defensa y no es hasta el 12 de junio de 2003 donde el licenciado radicó una moción informativa en torno a la orden que había dado el tribunal de que no había sido unida al expediente y de hecho está ante este magistrado hoy porque no había subido a despacho. En términos de la Regla 95 efectivamente la moción había sido radicada el 24 de abril de 2003 en el Tribunal de Carolina. Una cosa es que haya sido radicada y otra que haya sido radicada en la fiscalía.

El licenciado Snyder indica que la copia del expediente no tiene sello de fiscalía no obstante tiene la firma del fiscal Angel González porque los otros fiscales estaban en un seminario y él hace constar que se recibió en la oficina de los fiscales. En la misma moción de oposición de la Regla 95 hay una resolución del Tribunal que la moción no está anejada el expediente. Ante eso se radicó la moción informativa indicando que se presentó la moción el 24 de abril de 2003 y es hoy que se contesta la misma.

Las partes continúan haciendo un recuento de cuando y que mociones fueron radicadas y están en el expediente.

El Tribunal hace constar que la regla 95 fue contestada, aunque no sea amplia, fue contestada. Hay en adición una moción del ministerio público de replica a oposición a la moción de la defensa. Con estos fundamentos el Tribunal declara no ha lugar la solicitud de la defensa.

Se reseñala este asunto para el **12 DE SEPTIEMBRE DE 2003 A LAS 8:30 A.M.**

Queda el imputado citado y el abogado notificado. Están presentes y quedan citados Horacio Morales Gilberto García, Carine Simon y el agente Edgardo Soto.

El agente Rafael Gautier Ruiz y el testigo Faustino Marrero deberán mostrar causa por la cual no sean encontrados incursos en el día de hoy.

La minuta constituye la resolución.[11]

Inconforme con lo dictaminado por el Tribunal de Primera Instancia, el señor Guzmán Meléndez acudió al entonces Tribunal de Circuito de Apelaciones. Arguyó, que el foro primario había errado al resolver que el descubrimiento de prueba fue debidamente contestado por el Ministerio Público y al declarar no ha lugar la moción de desestimación presentada por violación a su derecho constitucional a un juicio rápido.[12]

Mediante resolución del 21 de agosto de 2003, el entonces Tribunal de Circuito de Apelaciones confirmó la resolución emitida por el Tribunal de Primera Instancia. Determinó, que el Ministerio Público fue diligente en lograr que se completara el descubrimiento de prueba solicitado y la tardanza en completar tal gestión era razonable, debido a lo extenso de los requerimientos, que el escrito presentado por la defensa no era específico sobre algunos aspectos. Concluyó, que no se violó el derecho constitucional del

---

[11] Apéndice XI, Id., págs. 24-25.

[12] Apéndice XIII, Id., págs. 36-52.

acusado a un juicio rápido. Apoyó su conclusión en que la dilación del Ministerio Público en cumplir con lo requerido, a tenor con la Regla 95 de Procedimiento Criminal, supra, se produjo por lo extenso del escrito presentado por la defensa y que requería información que estaba bajo el control de otras agencias de gobierno. Resolvió, que tales circunstancias constituían justa causa para no celebrar el juicio dentro del término de ciento veinte (120) días dispuesto por ley para ello. Por último, el foro intermedio apelativo puntualizó que el día de la celebración del juicio en su fondo, o sea, el 27 de junio de 2003, la defensa planteó que no estaba preparada y que necesitaba tiempo para estudiar los documentos que se le habían entregado como parte de lo requerido como descubrimiento de prueba. Por ello calificó como argucias tal planteamiento, pues el Tribunal de Primera Instancia le había informado que si estaba preparado para la celebración del juicio éste podía dar comienzo ese día.[13]

Inconforme con lo actuado por el tribunal intermedio apelativo, el señor Guzmán Meléndez recurre ante nos vía escrito de certiorari. Señala como error cometido por ese tribunal lo siguiente:

> Erró el Honorable [sic] Tribunal Apelativo al no desestimar las denuncias al amparo de la Regla 64(n)(4) y reseñalar la vista de juicio en su fondo fuera de los términos estatutarios a juicio rápido.

---

[13] Apéndice XVIII, Id., págs. 81-91.

Además, el peticionario en su argumentación señaló lo siguiente:

En la Resolución del 21 de agosto del año en curso el Honorable [sic] Tribunal Apelativo determinó que el descubrimiento de prueba solicitado por el imputado al amparo de la Regla 95 fue adecuadamente contestado por el Ministerio Público el día del juicio en su fondo, a la luz de los hechos particulares y circunstancias del caso. Consecuentemente, determinó el Tribunal (sic)Intermedio(sic)que los hechos particulares y circunstancias del caso amontan [sic] a justa causa para no haber celebrado el juicio dentro del término de 120 días, razón por la cual no procede la desestimación de las denuncias. Entendemos muy respetuosamente que erró el Tribunal (sic) Intermedio (sic) en su determinación.

Ante esto, el 11 de septiembre de 2003, emitimos una orden dirigida al Procurador General, para que mostrara causa por la cual no debemos revocar la resolución recurrida. Habiendo comparecido el Ministerio Público, mediante escrito procedemos a resolver.

II

El derecho de todo acusado a defenderse en un proceso criminal instado en su contra está consagrado en la Sección 11 del Artículo II de la Carta de Derechos de nuestra Constitución, L.P.R.A., Tomo 1. Recientemente establecimos en Pueblo v. Santa-Cruz,[14] que la Constitución de Puerto Rico garantiza que todo acusado de delito tendrá derecho a preparar adecuadamente su defensa. Asimismo, el sistema de justicia criminal puertorriqueño también le ha reconocido el

---

[14]  149 D.P.R. 223 (1999).

derecho al acusado de obtener evidencia a su favor.[15]
Reiteradamente hemos resuelto que el derecho a
descubrimiento de prueba es uno consustancial con el derecho
de todo acusado a defenderse en un proceso criminal en su
contra.[16]

Como norma general, las Reglas 94 y 95 de Procedimiento
Criminal[17] gobiernan todo lo relacionado al descubrimiento de
prueba en nuestro sistema de justicia criminal.[18]

La Regla 95 de Procedimiento Criminal, supra, dispone
en lo pertinente, lo siguiente:

> ... a)Previa moción del acusado sometida en
> cualquier momento después de haberse presentado la
> acusación o denuncia, y dentro del término
> prescrito para someterla, el tribunal ordenará al
> Ministerio Fiscal que permita al acusado
> inspeccionar, copiar o fotocopiar el siguiente
> material o información que está en posesión,
> custodia o control del Ministerio Fiscal:
>
> ...
>
> 3) Cualquier resultado o informe de exámenes
> físicos o mentales y de experimentos o pruebas
> científicas que sea relevante para preparar
> adecuadamente la defensa del acusado o que vaya a
> ser utilizado en el juicio por el Ministerio
> Fiscal.
>
> 4) Cualquier libro, papel, documento,
> fotografía, objeto tangible, estructura o lugar

---

[15]  Pueblo v. Arocho Soto, 137 D.P.R. 762, 766 (1994).

[16]  Pueblo v. Santa-Cruz, supra; Pueblo v. Echevarría Rodríguez, 128 D.P.R. 299, 324 (1991); Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243 (1979); Pueblo v. Tribunal Superior, 102 D.P.R. 470 (1970); Hoyos Gómez v. Tribunal Superior, 90 D.P.R. 201, 204 (1964).

[17] 34 L.P.R.A Ap. II. R. 94, 95.

[18]  Pueblo v. Santa-Cruz, supra; Pueblo v. Arocho Soto, 137 D.P.R. 762 (1994).

que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

...

El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

...

c) El Ministerio Fiscal deberá informar al tribunal si el material o la información solicitada no se encuentra en su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posee, custodie o controle, que la ponga a la disposición del acusado.[19]

Además la Regla 95B[20] dispone que:

b) **Término para concluir el descubrimiento de prueba.** El descubrimiento de prueba previsto en las Reglas 95 y 95A deberá haberse completado en un plazo no mayor de diez (10)días antes del juicio.

Con relación al descubrimiento de prueba que hace el ministerio fiscal en favor del acusado, el Profesor Ernesto L. Chiesa, en su obra *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Ed. Forum, 1995, Vol. III, Págs. 231-232, expresa que:

La Regla 95 regula el descubrimiento de prueba a favor del acusado. Se establece que la obligación del fiscal de descubrir información o evidencia a la defensa se activa con la presentación del *pliego acusatorio*, esto es, con la denuncia en caso de delito menos grave o con la acusación en casos de delito grave.

---

[19] Ley Núm. 58 del 1 de julio de 1988.

[20] 34 L.P.R.A Ap. II. R. 95B(b).

El alcance del descubrimiento se limita a material o información "que esté en posesión, custodia, del Ministerio Fiscal, este deberá así informarlo al tribunal para que se expida la orden judicial a la persona o entidad que tenga la posesión o control del material o información. Debe desalentarse que el Ministerio Fiscal invoque, como razón para no descubrir, que el material o información se halla en posesión o control de otra división del **Departamento de Justicia, en la Policía o en cualquier agencia estatal.** Debe haber suficiente relación interagencial, dentro del Estado, para que se le facilite a la defensa tal material o información. (Énfasis nuestro).

Cuando el material se encuentra en la posesión o control de una persona o **entidad privada**, el fiscal debe así notificarlo al tribunal para que éste, en el ejercicio de su discreción, determine si procede expedir una orden para poner el material o información a disposición del acusado. (Énfasis nuestro).

En el caso de autos, la representación legal del peticionario solicitó del Ministerio Público, al amparo de la Regla 95 de Procedimiento Criminal, supra, varios documentos sobre el mantenimiento del *Intoxilyzer* y las certificaciones de los peritos a cargo del instrumento. Ante lo cual el Ministerio Público, solicitó al Tribunal de Primera Instancia, que le ordenara al Superintendente de la Policía y al Secretario de Salud suministrar la prueba documental requerida por la defensa del peticionario sobre el mantenimiento del *Intoxilyzer* y las certificaciones de los peritos a cargo del instrumento. Además, solicitó, al amparo de la Regla 95A de Procedimiento Criminal, supra, que le fuese permitido inspeccionar, copiar, o fotocopiar todo libro, papel o documento que el peticionario tuviese en su poder o posesión.

En Pueblo v. Santa-Cruz, supra, expresamos claramente que una vez:

> [e]stablecida la relevancia del material solicitado la Regla [95] exige examinar si el material requerido se encuentra bajo la posesión, custodia o control del Ministerio Público. La propia regla dispone que si el material o información que se solicita no se encuentra en la posesión o custodia del Ministerio Público, éste deberá informarlo al tribunal "para que este, en el ejercicio de su discreción determine si procede expedir una orden para poner el material o información a disposición del acusado". Ernesto L. Chiesa, supra, Vol. III, sec. 28.2, pág 322. Sin embargo, como establece el Profesor Chiesa, "debe desalentarse que el Ministerio Fiscal invoque, como razón para no descubrir, que el material o información se halla en posesión o control de otra división del Departamento de Justicia, en la Policía o en cualquier agencia estatal. Debe haber suficiente relación interagencial, dentro del Estado, para que se facilite a la defensa tal material o información.

El entonces Tribunal de Circuito de Apelaciones concluyó que el Ministerio Público fue diligente en lograr que se completara el descubrimiento de prueba solicitado y que la tardanza en completar tal gestión fue razonable. El tribunal intermedio apelativo, apoyó su conclusión en que la dilación del Ministerio Público en cumplir con lo requerido se debió a lo extenso del escrito presentado por la defensa, lo que requería información que estaba bajo el control de otras agencias del gobierno.

En aquellos casos que el material se encuentra en la posesión o control de una persona o entidad privada, el fiscal debe así notificarlo al tribunal para que éste, en el ejercicio de su discreción, determine si procede expedir una orden para poner el material o información a disposición del acusado. Asimismo, el Ministerio Público no debe descansar

en el poder del Tribunal de Primera Instancia para tratar de obtener documentos relacionados al descubrimiento de prueba que se encuentran en manos de otras agencias del gobierno. Debemos destacar que, para los fines del descubrimiento de prueba, las Agencias del Gobierno de Puerto Rico no son consideradas entidades privadas. Es por ello que el Ministerio Público tiene el deber de hacer las gestiones pertinentes con las agencias gubernamentales para obtener el descubrimiento de prueba requerido, de manera que la defensa de un acusado sea una adecuada. Por tanto, resulta meridianamente claro que el Ministerio Fiscal se encuentra en una relación interagencial con las demás agencias del gobierno, en especial cuando se habla de cualquier otra división del Departamento de Justicia o de la Policía, lo que obliga a éste a gestionar prontamente sin la intervención de los tribunales el descubrimiento de prueba que le sea requerido.

En el recurso presentado ante nos, el peticionario arguye que el Tribunal de Circuito de Apelaciones erró, al determinar que, a la luz de los hechos particulares y circunstancias del presente caso, el descubrimiento de prueba requerido por el acusado, al amparo de la Regla 95, supra, fue contestado adecuadamente por el Ministerio Público el día del juicio en su fondo. Dicho error fue cometido. La Regla 95B de Procedimiento Criminal en su inciso (b), supra, establece que el descubrimiento de prueba previsto en las Reglas 95 y 95A deberá haberse

completado en un plazo no mayor de diez (10) días antes del juicio.

Así como entendimos en Pueblo v. Santa-Cruz, supra, que el Manual de Operaciones del Instrumento con el cual se midió el por ciento de alcohol en la sangre del acusado es de suma relevancia y pertinencia para una adecuada preparación de la defensa, igualmente entendemos que las certificaciones de los peritos a cargo del instrumento y las de mantenimiento del *Intoxilyzer* son necesarias para que un acusado pueda prepararse adecuadamente para el juicio.

En Pueblo v. Santa-Cruz, supra, nos correspondió determinar si la entrega del Manual de Operaciones del Instrumento *Intoxilyzer,* el último día de los términos de juicio rápido establecidos por la Regla 64(n) de Procedimiento Criminal,[21] era motivo suficiente para la desestimación del caso. En dicha ocasión determinamos que era obligación del Ministerio Público hacer entrega oportuna del Manual del *Intoxilyzer* al acusado. A base de lo anterior, resolvemos que de igual manera era obligación del Ministerio Público hacer entrega oportuna de las certificaciones de mantenimiento del *Intoxilyzer* y de los peritos a cargo del instrumento. Concluimos que la entrega del descubrimiento de prueba requerido fue inoportuna.

---

[21] 34 L.P.R.A., R. 64 (n), Ap. II.

III

El derecho de todo acusado a un juicio rápido está dispuesto en la Sec. 11 del Art. II de nuestra Constitución, supra.[22] En nuestro ordenamiento procesal penal un ciudadano queda "sujeto a responder" ("held to answer") por la comisión de un delito desde el momento en que un juez determina *causa probable* para *arrestar*, *citar* o *detener* a dicho ciudadano por la comisión del delito imputado.[23] El imputado está sujeto a responder ("held to answer"), ya sea porque fue arrestado o por que de alguna forma se pone en movimiento el mecanismo procesal que lo expone a una convicción.[24] La acción penal comienza desde ese momento y "el tribunal adquiere jurisdicción sobre la persona del imputado".[25] Es desde ese instante que cobra vigencia el derecho a juicio rápido debido a que el Estado queda facultado para presentar los cargos contra el ciudadano.

El derecho constitucional a rápido enjuiciamiento es un concepto cuyo contenido no está del todo determinado en forma objetiva. Este derecho es variable y flexible.

---

[22] Véase además, <u>Pueblo v. Miró González</u>, 133 D.P.R. 813 (1993); <u>Hernández Pacheco v. Flores Rodríguez</u>, 105 D.P.R. 173, 177-178 (1976).

[23] D. Nevares Muñiz, <u>Sumario de Derecho Procesal Puertorriqueño</u>, 4ta ed. revisada, San Juan, Puerto Rico, Instituto para el Desarrollo del Derecho, Inc., 1995, pág. 39).

[24] <u>Pueblo v. Carrión Rivera</u>, 2003 TSPR 98.

[25] O. E. Resumil de Sanfilippo, <u>Práctica Jurídica de Puerto Rico - Derecho Procesal Penal</u>; Orford, New Hampshire, Equity Publishing Company, 1990, Tomo I, pág. 108.

Además, debe ajustarse a las exigencias de cada caso en particular.[26] Este derecho puede ser renunciado por el propio acusado.[27] La renuncia deberá ser expresa, voluntaria y con pleno conocimiento de causa.[28] Si se renuncia a este derecho constitucional, el Estado no debe esperar un periodo de tiempo irrazonablemente largo para volver a juzgar al acusado.[29]

Este derecho ha sido reglamentado de manera más específica, en las disposiciones de la Regla 64(n) de las Reglas de Procedimiento Criminal, supra.[30] Los elementos o criterios para detectar si ha mediado o no una violación al derecho a juicio rápido bajo la Regla 64(n) de Procedimiento Criminal, *supra*, han sido objeto de varias expresiones de este Tribunal.[31]

Recientemente en Pueblo v. Valdés et al., supra, expresamos que:

> ...una vez el imputado de delito reclama oportunamente una violación a los términos

---

[26] Pueblo v. Carrión Rivera, 2003 TSPR 98; Pueblo v. Valdés et al, 2001 TSPR 167; Pueblo v. Arcelay Galán, 102 D.P.R. 409 (1974).

[27] Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796 (1973).

[28] Pueblo v. Rivera Arroyo, 120 D.P.R. 114 (1987).

[29] Pueblo v. Carrión Roque, 99 D.P.R. 362 (1970).

[30] Pueblo v. De Jesús Rivera, 2002 TSPR 76; Pueblo v. Rivera Arroyo, 120 D.P.R. 114 (1987).

[31] Pueblo v. Santa-Cruz, supra; Pueblo v. Monge Sánchez, 122 D.P.R. 590(1988); Pueblo v. López Rodríguez, 118 D.P.R. 515 (1987); Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986); Pueblo v. Montezuma Martínez, 105 D.P.R. 710 (1977); Pueblo v. Opio Opio, 104 D.P.R. 165 (1975).

estatuidos en la Regla 64(n) de Procedimiento Criminal, *ante*, **el ministerio público tiene el peso de demostrar**: la existencia de causa justificada para la demora; o la renuncia expresa, voluntaria y con pleno conocimiento de este derecho por parte del imputado; o que el imputado ha sido el causante de la tardanza. *Pueblo v. Cartagena Fuentes, ante; Pueblo v. Santa Cruz Bacardí, ante,* citando*: Pueblo v. Carrión Roque,* 99 D.P.R. 362 (1970).[32]

De ahí que "la determinación de lo que constituye justa causa bajo la Regla 64(n) de las de Procedimiento Criminal, (sic), es por necesidad un problema de definición a realizarse caso a caso", y a la luz de la totalidad de las circunstancias.[33]

Conforme a lo anterior, no estamos ante un ejercicio de "tiesa aritmética" en el que la inobservancia del término, por si sola, constituye una violación al derecho a juicio rápido, ni tampoco conlleva la desestimación de la denuncia o la acusación.[34]

Así, cuando la suspensión del juicio es por justa causa o por causa atribuible al imputado, los términos de

---

[32] Debe recordarse que el peso de la prueba sobre tal asunto recae sobre el Ministerio Público y no sobre el acusado. De lo contrario, se menoscaba la garantía constitucional a juicio rápido considerado como uno de fundamental importancia para el acusado. Pueblo v. Santa-Cruz, supra; Jiménez Román v. Tribunal Superior, 98 D.P.R. 874(1970).

[33] Pueblo v. Santa-Cruz, supra; Pueblo v. Valdés et al., 2001 TSPR 167, 2001 J.T.S. 170.

[34] Pueblo v. Valdés et al., supra; Pueblo v. Candelaria, 148 D.P.R. 591 (1999); Pueblo v. Rivera Tirado, supra.

juicio rápido comienzan, nuevamente, a transcurrir desde la fecha en que las vistas estuvieran señaladas.[35]

Este Tribunal reiteradamente ha establecido cuatro (4) criterios que deben examinarse junto con otras circunstancias pertinentes para evaluar las reclamaciones sobre violación al derecho a juicio rápido: (1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado invocó oportunamente el derecho a juicio rápido, y (4) el perjuicio resultante de la tardanza. Se ha resuelto que ninguno de estos factores será determinante y todos están sujetos a un balance.[36]

En Pueblo v. Valdés et al., supra, expresamos que:

> [u]na dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese; no obstante, el remedio extremo de la desestimación solo debe concederse luego de efectuado un análisis ponderado del balance de los criterios esbozados. Dicho de otra manera, la dilación en exceso de los términos estatuidos por la Regla 64(n) de Procedimiento Criminal, ante, es --simple y llanamente--el factor que activa o hace necesaria la realización de este balance.

Sobre el "balance" como método adjudicativo para evaluar un planteamiento de violación al derecho a juicio rápido expresa el Profesor Ernesto L. Chiesa Aponte[37] que:

> ...conviene resaltar que el "balance" como método adjudicativo para evaluar un planteamiento de violación al derecho a juicio rápido, supone

---

[35] Pueblo v. Valdés et al., supra; Pueblo v. Cartagena Fuentes, 2000 TSPR 150.

[36] Pueblo v. Santa-Cruz, supra; Pueblo v. Rivera Tirado, supra.

[37] Derecho Procesal Penal de Puerto Rico y Estados Unidos, supra, 1995, Vol. II, pág. 98.

que el análisis no se interrumpa en un factor y sí se complete con el análisis de todos los factores. Aunque parezca que uno o dos factores han inclinado ya la balanza en una dirección, conviene terminar el análisis. Ninguno de los factores es decisivo, de suyo. Sí puede sostenerse que el primer factor -la magnitud de la tardanza- es uno de umbral, en el sentido de que se requiere una dilación mínima para activar el derecho a juicio rápido; ese término sería el establecido por estatuto o reglamentación.

Ahora bien, cuando nos encontramos ante tardanzas institucionales, tales como, la congestión en el calendario del tribunal, la enfermedad de un juez o el receso por vacaciones del tribunal, éstas son imputables al Estado.[38] En _Jiménez Román v. Tribunal Superior_,[39] expresamos específicamente que la congestión del calendario del tribunal, por si sola, no constituye justa causa para la demora en la celebración de un juicio. De ocurrir una dilación excesiva y un reclamo oportuno del imputado, el Ministerio Fiscal debe probar la existencia de justa causa. Además, el tribunal deberá evaluar cuidadosamente el motivo institucional alegado. Ante este marco, las demoras institucionales que no tengan el propósito de perjudicar a la persona imputada o acusada, serán evaluadas con menos rigurosidad que las intencionales.[40] Para que constituya

---

[38] _Pueblo v. Candelaria_, supra; _Pueblo v. Rivera Tirado_, supra.

[39] 98 D.P.R. 874 (1970).

[40] _Pueblo v. Candelaria_, supra; _Pueblo v. Rivera Tirado_, supra.

justa causa, el motivo de una demora debe estar enmarcado dentro de parámetros de razonabilidad.[41]

Por lo general, las demoras institucionales son imputables al "Estado". Por el contrario, si las demoras no tienen el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado.[42]

Esta garantía constitucional tiene el propósito de proteger los intereses del acusado para: (a) prevenir su detención opresiva y perjuicio; (b) minimizar sus ansiedades y preocupaciones, y (c) reducir las posibilidades de que su defensa se afecte.[43]

Con respecto al criterio de perjuicio, establecimos en Pueblo v. Esquilín Maldonado,[44] que el imputado no tiene que demostrar estado de indefensión; sólo tiene que demostrar que ha sufrido perjuicio.

Comenta el Profesor Ernesto L. Chiesa en su obra *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Ed. Forum, 1992, Vol. II, pag. 153, sobre el deber del imputado de demostrar su perjuicio que:

---

[41] Pueblo v. Valdés, supra; Pueblo v. Rivera Colon, 119 D.P.R. 315 (1987).

[42] Pueblo v. Valdés et al., supra; Pueblo v. Rivera Tirado, supra.

[43] Pueblo v. Miró González, supra; Pueblo v. Rivera Tirado, supra.

[44] 152 D.P.R.____(2000), 2000 TSPR 151, 2000 J.T.S. 164.

...corresponde al acusado establecer el perjuicio sufrido con la dilación, obligación que no se descarga con generalidades. Esto es distinto a las razones o justa causa para la dilación, donde es el ministerio fiscal o el gobierno quien tiene que persuadir al Tribunal, al menos cuando la dilación o suspensión es atribuible a conducta del gobierno.

El Tribunal Supremo de Puerto Rico ha expresado que el perjuicio sufrido por el acusado con la dilación tiene que ser especifico: "No puede ser abstracto ni apelar a un simple computo de rigor matemático. Tiene que ser real y sustancial".

Según los principios aquí esbozados, debemos determinar a la luz de la totalidad de las circunstancias, si le fue violado al peticionario su derecho a juicio rápido, y, por consiguiente, procedía que se desestimara la denuncia. De la misma forma que en Pueblo v. Santa-Cruz, supra, nos corresponde examinar si la dilación fue causada por el acusado, si fue expresamente consentida por éste, y si el Ministerio Público demostró la existencia de justa causa para la dilación.

Luego de examinar los hechos de autos, no existe controversia alguna sobre el hecho que el Ministerio Público entregó el descubrimiento de prueba requerida por la defensa, aquí peticionario, el último día hábil para juicio rápido.[45] Debido a esto, el día pautado para juicio, su representación legal invocó que no se encontraba preparada para ver el juicio debido a la inoportuna entrega del descubrimiento de prueba requerido al Ministerio Público. El Tribunal de Primera Instancia hizo constar de que las

---

[45] Apéndice XI, recurso de certiorari, págs. 24-25.

partes no estaban preparadas. Luego expresó que la defensa no estaba preparada y se reseñalaría el caso. Ante esto, la defensa del peticionario reclamó oportunamente el derecho del acusado a un juicio rápido. El Ministerio Público expresó no estar preparado debido a que el fiscal encargado del caso no se encontraba presente. Además, informó que dos de sus testigos tampoco se encontraban presentes. Sobre lo anterior, el foro intermedio apelativo calificó como argucias el argumento que planteara la defensa ante el tribunal a quo de no estar preparado debido a que se le había hecho entrega tardíamente del descubrimiento de prueba requerido.

El Ministerio Público no debe descansar en el poder del Tribunal de Primera Instancia para tratar de obtener documentos relacionados al descubrimiento de prueba que se encuentran en manos de las Agencias del Gobierno de Puerto Rico. Entendemos que no existió justa causa para la entrega tardía por parte del Ministerio Público del descubrimiento de prueba requerido por la defensa. Los documentos e información solicitada estaban bajo el control de la Policía de Puerto Rico y el Departamento de Salud. La falta de diligencia del Ministerio Público provocó que la defensa no pudiera prepararse a tiempo para ver el juicio en su fondo, señalado para el 27 de junio de 2003. Concluimos que las actuaciones del Ministerio Público son inexcusables. Se negó a descubrir la prueba requerida por la defensa porque ésta no le había suministrado copia de la denuncia. Es

obligación del Ministerio Público el contar con copia de la denuncia en su expediente, debido a que como representante del Pueblo, es el que mueve la maquinaria de procesamiento criminal del Estado, con la responsabilidad sobre sus hombros de lograr una convicción. El Ministerio Público no puede pretender que la defensa de un acusado le provea copia de la denuncia.[46] Concluimos además, que no es necesario

---

[46] A través de las mociones tituladas "Contestación a Solicitud de Descubrimiento de Prueba: Solicitud a favor del Ministerio Público" y "Réplica a Oposición" (Véase Apéndice V y VII del recurso de certiorari), el Ministerio Público solicitó, al amparo de la Regla 95A de Procedimiento criminal, que la defensa le permitiera inspeccionar, copia o fotocopiar todo libro, papel, documento, fotografía o (sic) objetos tangibles debido a que no contaban con las denuncias." En la moción titulada "Oposición a Contestación a Solicitud de Descubrimiento de Prueba: Solicitud a favor del Ministerio Público", (Véase Apéndice VI del recurso de certiorari), la representación legal del peticionario, alegó correctamente que es el fiscal quien lleva la representación del gobierno en el juicio, es quien conduce la investigación "...y hace el acopio de pruebas, es en dicho funcionario que se centra y concreta todo el peso acusatorio capaz de producir la privación de libertad como resultado de una convicción. Es responsabilidad del Ministerio Público exigir de quien tengan (sic) los informes o información en todo caso en que por el acusado se justifique la necesidad de los mismos." En la moción titulada "Réplica a Oposición" (Véase Apéndice VII del recurso de certiorari), el Ministerio Público expresó que "[lo] solicitado por el acusado estará a su disposición tan pronto nos ponga en condiciones de hacerlo pues al expresar que el Ministerio Público no levanta expedientes en casos de tránsito, significa que no tiene toda la información que de ordinario se recopila en casos de naturaleza grave, como la fecha de los hechos, nombre del agente investigador, nombre de los testigos, prueba documental pertinente, y otros, como declaraciones juradas, fotografías, pruebas científicas, etc. En el caso que nos atañe, el abogado su extensa verbolabia no ha suministrado ningún dato de los anteriores y que surgen de la denuncia de la que no tenemos copia." Luego en otra moción titulada "Moción en Oposición a Reconsideración" (Véase Apéndice XIII del recurso de certiorari), el Ministerio Público expresó que: "claramente la defensa se cruzo (sic) de brazos y actuó con temeridad ya que lo más sencillo era enviar las denuncias a la Fiscalía,..."

demostrar que las actuaciones del Ministerio Público fueran intencionales, basta que los hechos procesales configurativos de la demora fueran injustificados.[47]

Erró el tribunal intermedio apelativo al confirmar al Tribunal de Primera Instancia en su determinación de declarar sin lugar la moción de desestimación presentada por el aquí peticionario. El entonces Tribunal de Circuito de Apelaciones debió desestimar la denuncia en contra del señor Guzmán Meléndez por habérsele violado su derecho constitucional a un rápido enjuiciamiento, toda vez que se le hizo una entrega inoportuna del descubrimiento de prueba solicitado, el último día hábil de los términos fijados por la Regla 64(n)(4), supra, para celebrar el juicio en su fondo.


IV

Por todo lo antes expuesto, expedimos el auto de certiorari solicitado y revocamos la resolución recurrida. Se desestiman las denuncias presentadas ante el Tribunal de Primera Instancia, contra el señor Rubén Guzmán Meléndez.

Se dictará sentencia de conformidad.


EFRAÍN E. RIVERA PÉREZ
Juez Asociado

---

[47] Pueblo v. Santa-Cruz, supra.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

      Recurrido

        v.

                        CC-2003-711       Certiorari

Rubén Guzmán Meléndez

      Peticionario

SENTENCIA

San Juan, Puerto Rico, a 28 de enero de 2004.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari solicitado y se dicta sentencia revocando la resolución recurrida, emitida por el entonces Tribunal de Circuito de Apelaciones. En consecuencia, se desestiman las denuncias presentadas ante el Tribunal de Primera Instancia, contra el señor Rubén Guzmán Meléndez.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo