*583 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, la Sociedad para Asistencia Legal, en representación del menor L.A.P.A. (peticionario), y nos solicita que revoquemos una determinación del Hon. Rafael Rodríguez Olmo, Juez de la Sala Integrada de Relaciones de Familia y Menores del Tribunal de Primera Instancia, Sala de Humacao (TPI). Mediante el referido dictamen, ei TPI determinó que existía justa causa para celebrar la vista adjudicativa en el caso que se presentó contra el peticionario por la alegada comisión de una falta constitutiva de actos lascivos. *584 (Art. 144 del Código Penal). El TPI tomó tal decisión a pesar del señalamiento de alegada violación al derecho de juicio rápido que levantó la defensa del peticionario en reiteradas ocasiones. Este incidente se suscitó en una vista de 18 de agosto de 2008. La vista adjudicativa se fijó para el 22 de septiembre de 2008.
Inconforme con tal dictamen, el peticionario acudió ante nos mediante escrito de certiorari, el cual acompañó con una moción en auxilio de jurisdicción. Atendimos tal moción, y mediante resolución al efecto, ordenamos la paralización de los procedimientos pendientes ante el TPI. Concedimos oportunidad a la Oficina de la Procuradora General Interina para que se expresara. Así lo hizo. Ahora, con el beneficio de la comparecencia de las partes involucradas en la controversia, resolvemos. Adelantamos que expedimos el auto de certiorari solicitado, revocamos el dictamen recurrido y desestimamos la querella.
I
Esbozamos a continuación una breve relación de los incidentes más relevantes de este caso.
Contra el peticionario, se presentó en febrero de 2005 una querella por hechos alegadamente acaecidos en esa misma fecha, los cuales eran constitutivos de actos lascivos. Se inició el procedimiento criminal contra el peticionario. Mas, el 12 diciembre de 2007, en la celebración de la vista, el Procurador de Menores informó que no estaba preparado para ver el caso. Ante la solicitud de la defensa, el TPI terminó desestimando el caso. La desestimación se fundamentó en la violación al derecho a juicio rápido del peticionario.
En enero de 2008, el Ministerio Público presentó una moción en solicitud de autorización para someter nuevamente la querella. Además, pidió que se fijara señalamiento de vista adjudicativa. En la misma fecha, presentó otra moción en la que pidió que, en caso de que se autorizara ventilar nuevamente el caso, se permitiera presentar en su día el testimonio de la víctima mediante circuito cerrado. Alegadamente, la víctima sufría de temor y ansiedad, y además, podía sufrir daño emocional de estar en la presencia del peticionario.
Posteriormente, el 24 de enero de 2008, se notificaron sendas órdenes del TPI. En una, se acogió la solicitud de someter de nuevo la querella, y además, se fijó la vista adjudicativa para el 25 de febrero de 2008. En otra, se acogió la solicitud de celebrar una vista de necesidad para considerar la petición respecto a la utilización del circuito cerrado. Esta vista se celebraría el 11 de febrero de 2008.
Por su parte, el peticionario se opuso a la presentación del testimonio de la víctima mediante circuito cerrado. En moción de 25 de enero de 2008, la defensa destacó que el Procurador de Menores presentó su solicitud de circuito cerrado sin expresar hechos que justificaran tal concesión. Indicó que meramente habló de la posibilidad de que la víctima tuviera problemas para ser interrogado frente al peticionario. La defensa adujo que en los procedimientos que se habían llevado a cabo, la víctima declaró frente al peticionario. Agregó que, incluso, aquél llegó a ser sometido a un extenso interrogatorio por el propio Procurador de Menores. [1] Posteriormente, y relacionado a lo anterior, mediante moción de 22 de febrero de 2008, la defensa pidió que, entonces, el Procurador de Menores le facilitara cualquier informe pericial que tuviera a su haber y que se pretendiera usar para justificar la solicitud de circuito cerrado.
De acuerdo a la prueba documental presentada por las partes, aparentemente sólo se celebró el señalamiento de 25 de febrero de 2008 (no del 11 de febrero de 2008). En la minuta que recogió los incidentes de la vista, se indicó que el Procurador de Menores solicitó la transferencia de la vista, ya que el perito no compareció. Comentó que no estaba preparado para la vista de necesidad, por lo cual presentaría una moción para informar fechas alternas para la celebración de la vista de necesidad. Presentó la moción en cuestión el 4 de marzo de 2008. Sin que el TPI fijara señalamiento de vista en alguna de las fechas propuestas, el 30 de mayo de 2008, el Ministerio Público presentó una segunda moción en solicitud de señalamiento de vista de necesidad. Sugirió que se consideraran otras fechas, todas para julio de 2008. Para esas fechas, alegadamente, presentaría a su perito.
*585 En reacción a la solicitud del Procurador de Menores, la defensa presentó una moción en oposición a que se fijara señalamiento de vista. También pidió la desestimación de la querella por violación al derecho a juicio rápido. Advirtió que el caso había estado sujeto a una demora excesiva, innecesaria y opresiva. Comentó que la demora no era excusable y que se debía a las múltiples solicitudes de transferencia de vista del Procurador de Menores. Señaló que la dilación no sólo afectaba emocionalmente al peticionario, sino que afectaba su defensa. Así se expresó en moción de 5 de junio de 2008. También reclamó que no había sido notificado de la primera moción en la que se sugirieron fechas alternas para la celebración de vista.
Mediante orden de 3 de junio de 2008, el TPI fijó la vista para el 16 de julio de 2008. Tres días después, dictó otra orden, por la cual determinó que la solicitud de desestimación por violación a juicio rápido se discutiría en la vista del 16 de julio de 2008. Luego, tres días más tarde, la defensa presentó una moción en la que informó al TPI que no podría comparecer a la vista en el día señalado, pues estaría de vacaciones. La defensa pidió, entonces, no que se pospusiera, sino que se adelantara el señalamiento para junio.
Por su parte, el Ministerio Público se opuso a la solicitud de desestimación. Se limitó a indicar (o reconocer) que, después de haber solicitado la transferencia de vista, en dos ocasiones, presentó mociones en solicitud de que se señalara vista; que presentaron la primera solicitud y pasaron las tres fechas que sugirieron sin que el TPI dispusiera cosa alguna; y que finalmente, a raíz de su moción de 30 de mayo de 2008, fue que se señaló vista para el 16 de julio de 2008.
En reacción, mediante moción de 3 de julio de 2008, la defensa replicó indicando, en resumen, que las mociones en'solicitad de señalamiento de vista no tuvieron el efecto de interrumpir los términos de juicio rápido. Comentó que la dilación en el proceso se debió, como en la ocasión anterior que motivó la desestimación, a la omisión del Procurador de Menores en producir a su perito en las vistas. Destacó que éste se limitó a presentar fechas alternas para celebrar vista, y que incluso, después de presentada su primera moción, dejó transcurrir las fechas propuestas sin moverse a que el TPI fijara señalamiento de vista. Le arrogó falta de diligencia al Procurador de Menores en el trámite del caso y que ello había resultado en la violación al derecho a juicio rápido del peticionario. Señaló que por el hecho de que el menor hubiera estado institucionalizado por otros casos, no significaba que renunciaba automáticamente a su derecho ajuicio rápido. Aun cuando el menor estaba institucionalizado, indicó que reclamaban que el término de juicio rápido que se había violado en el caso, era el de 60 días y no el más corto de 30 días. La defensa, además, informó nuevamente al TPI que no podía estar presente en la fecha en que se fijó la vista.
A finales de junio, el TPI reiteró su determinación de celebrar la vista el 16 de julio de 2008. Llegado el día en cuestión, no se celebró la vista. En la correspondiente Minuta se expresó, tal y como había adelantado la defensa del peticionario, que la representante legal de aquél estaba de vacaciones. En esta ocasión, el Ministerio Público expresó que, alegadamente, sí estaba preparado para ver el caso. Nuevamente, indicó que lo que procedería a hacer sería presentar una moción con fechas alternas en las que su perito podría comparecer. No obstante, el TPI decidió transferir la vista para el 11 de agosto de 2008.
Finalmente, la vista de necesidad, no ia adjudicativa, terminó por celebrarse el 18 de agosto de 2008. Según la Minuta, no se sentó a declarar al perito. Más bien, el Procurador de Menores se limitó a comentar para récord que el perito había examinado a la alegada víctima, que reevaluó las circunstancias que motivaron la solicitud de circuito cerrado, y que concluyó que las mismas ya no estaban presentes. Ante ello, el Procurador de Menores expresó que desistía de su solicitad de que la alegada víctima vertiera su testimonio mediante circuito cerrado.
En reacción a lo anterior, la defensa reiteró su solicitud de desestimación de la querella por haber transcurrido en exceso los términos de juicio rápido sin que se le celebrara la vista adjudicativa al peticionario. Planteó que ni las mociones solicitando señalamiento de vista de necesidad, ni la misma celebración de tal *586 vista, interrumpía los términos de juicio rápido. Reiteró su cuestionamiento de que se hubiera señalado el caso, tanto en julio como en agosto de 2008, ya que mucho antes habían transcurrido los términos. Indicó que esa situación ya la había expresado en distintas mociones en junio de 2008. No obstante, el TPI determinó que existía justa causa para no haberse celebrado la vista adjudicativa.
Tomando en cuenta lo anterior, discutimos el derecho aplicable.
A
La Sección 11 del Art. II de nuestra Constitución garantiza a todo acusado el derecho a un juicio rápido. Esta garantía constitucional tiene el propósito de proteger los intereses del acusado para: (a) prevenir su detención opresiva y perjuicio; (b) minimizar sus ansiedades y preocupaciones, y (c) reducir las posibilidades de que su defensa se afecte. Pueblo v. Guzmán, 161 D.P.R. 137, 152 y 156 (2004).
Este derecho se activa en el momento en que un ciudadano queda “sujeto a responder” (“held to answer”) por la comisión de un delito, esto es, cuando un juez determina causa probable para arrestar, citar o detener a dicho ciudadano por la comisión del delito imputado; o en el momento en que el ciudadano es arrestado, o de alguna forma se pone en movimiento el mecanismo procesal que lo expone a una convicción por la alegada comisión de delito. Desde ese momento, la acción penal comienza y “el tribunal adquiere jurisdicción sobre la persona del imputado”. Id., páginas 152-153.
El derecho constitucional a rápido enjuiciamiento es variable y flexible, por lo cual debe ajustarse a las exigencias de cada caso en particular. Ahora bien, su alcance se ha reglamentado de manera más específica, en las disposiciones de la Regla 64(n) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64. Id., pág. 153. También hay que mencionar que se ha reiterado que existen 4 criterios que deben examinarse, junto con otras circunstancias, para evaluar las reclamaciones sobre violación al derecho a juicio rápido. Estos criterios son: (1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado invocó oportunamente el derecho ajuicio rápido; y (4) el perjuicio resultante de la tardanza. Id., páginas 154-155.
Por otro lado, una vez el imputado de delito reclama oportunamente una violación a los términos estatuidos en la Regla 64(n) de Procedimiento Criminal, el Ministerio Público tiene el peso de demostrar: la existencia de causa justificada para la demora; o la renuncia expresa, voluntaria y con pleno conocimiento de este derecho por parte del imputado; o que el imputado ha sido el causante de la tardanza. Id., páginas 153-154, citando a Pueblo v. Valdés et al., 155 D.P.R. 781 (2001).
La determinación de lo que constituye justa causa bajo la Regla 64(n) debe hacerse caso a caso, y a la luz de la totalidad de las circunstancias. Esa determinación no constituye un ejercicio de “tiesa aritmética” en el que la inobservancia del término, por si solo, constituya una violación al derecho a juicio rápido que conlleve la desestimación de la denuncia o la acusación. Id., pág. 154. El remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de los criterios esbozados.
En cuanto al criterio de la extensión de la dilación, se ha traído a colación las denominadas tardanzas institucionales. Como ejemplo, se han destacado aquéllas relacionadas a la congestión en el calendario del tribunal, la enfermedad de un juez o el receso por vacaciones del tribunal. En fin, las demoras institucionales son imputables al Estado. Id., páginas 155-156.
De ocurrir un reclamo oportuno del imputado a los efectos de que concurrió una dilación excesiva de tipo institucional, el Ministerio Fiscal debe probar la existenciá de justa causa. Id., pág. 156. Para que constituya justa causa, el motivo de una demora debe estar enmarcado dentro de parámetros de razonabilidad. Además, *587 el tribunal deberá evaluar cuidadosamente el motivo institucional alegado. Ante este marco, las demoras institucionales que no tengan el propósito de perjudicar a la persona imputada o acusada, serán evaluadas con menos rigurosidad que las intencionales. Esto último, debido a que las demoras intencionales tienen como objetivo entorpecer la defensa del imputado.
B
Se ha reconocido que no existe razón válida para negarles el derecho a juicio rápido a los menores de edad que son encausados bajo la Ley de Menores. Pueblo en interés del menor R.G.G., 123 D.P.R. 443, 463 (1989). El concepto de derecho a juicio rápido, contenido en la Regla 64(n) de las de Procedimiento Criminal, fue incorporado en el Artículo 22 de la Ley Núm. 88 de 9 de julio de 1986 conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. §2202 et seq. Id. El referido artículo regula la celebración de la vista adjudicativa, la. cual se le equipara a la vista en su fondo de los adultos. El referido artículo dispone que, en la vista adjudicativa, en la cual el juez procederá a determinar si el menor ha incurrido o no en la falta imputada, se celebrará dentro de los 60 días siguientes a la determinación de causa probable, si el menor está bajo la custodia de sus padres o persona responsable, o dentro de 30 días si está detenido en un centro de detención, a menos que la demora se deba a solicitud del menor, sus padres o encargados o que exista justa causa para ello. 34 L.P.R.A. §2222.
A su vez, lo dispuesto en el citado artículo se implantó en la Regla 7.1 de las de Procedimiento para Asuntos de Menores. 34 L.P.R.A. Ap. I-A, R. 7.1. [2] Más aún, el derecho ajuicio rápido quedó insertado a los derechos de los menores al punto de que se provee en la Regla 6.2(2)(e) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R. 6.2(2)(e), que si la fecha de la vista adjudicativa excede los términos dispuestos, ello es fundamento para solicitar la desestimación de la querella.
C
En los casos en que se desestiman los cargos de un imputado de delito grave, por violación a los términos de juicio rápido, la Regla 67 de Procedimiento Criminal permite al Ministerio Público presentar nuevos cargos por los mismos hechos. En ese supuesto, los términos de juicio rápido no aplican en el período de tiempo que transcurren entre la desestimación de los cargos y la subsiguiente presentación de los cargos. Pero sí aplicarán con la nueva presentación de los cargos. En ese momento, se entiende que el ciudadano está nuevamente sujeto a responder, esto es, expuesto a convicción por delito. Pueblo v. Carrión Rivera, 159 D.P.R. 633 (2003).
Por otro lado, la Regla 6.3 de las de Procedimiento para Asuntos de Menores provee para que, en caso de que se declare con lugar una moción de desestimación de la querella, ello no impida que se inicie otro procedimiento por la misma falta. Se exceptúa de esa regla general, los casos en que el defecto que medió es uno insubsanable, o que se hubiera desestimado una querella por falta de Clase I por violación a los términos para celebrar la vista adjudicativa. [3]
Entonces, siguiendo el análisis del Tribunal Supremo, en lo que respecta a la extrapolación de las figuras y doctrinas del procesamiento criminal de adultos al de menores, podríamos inferir lo siguiente. En caso de que a un menor se le desestime la querella por violación a los términos de juicio rápido (o para celebrar la vista adjudicativa), y el Procurador de Menores decida presentar nuevamente la querella, será con el hecho de esa presentación que se entenderá que el menor queda nuevamente sujeto a responder. Esto, en casos en que se le imputan nuevamente faltas que no sean Clase I.
Basándonos en estos principios, concluimos lo siguiente.
III
El peticionario señaló que erró el TPI al declarar no ha lugar su solicitud de desestimación por haberse violado el derecho a juicio rápido, aunque había transcurrido el término de 60 días que requiere la ley y las *588 reglas para que se celebre la vista adjudicativa. Lo anterior, sin la concurrencia de justa causa y luego de haberse sometido el caso por segunda ocasión. Concluimos que se cometió el error señalado.
Como quedó consignado, el peticionario tenía a su disposición el derecho a la tramitación rápida de la vista adjudicativa en la que se dirimiría si debía o no ser hallado incurso en la falta imputada. Lo anterior, al amparo del derecho ajuicio rápido que también está incluido en el derecho y reglas procesales de asuntos de menores. Los términos que provee la ley para la celebración de la vista adjudicativa son de 30 ó 60 días, de acuerdo a la instancia que marque el momento en queda sujeto a responder (dependiendo de si está o no detenido).
Ahora bien, en este caso se desestimó la querella original, por violación a los términos de juicio rápido, y se presentó nuevamente la querella en enero de 2008. Fue en ese momento que se puso nuevamente en marcha la maquinaria procesal judicial que podía culminar con la determinación de comisión de falta. En enero de 2008, el peticionario quedó nuevamente sujeto a responder por la falta imputada (que no era Clase I). En el escenario más oneroso posible para el peticionario, la vista adjudicativa debió celebrarse dentro de los 60 días siguientes a la fecha en que se presentó la querella por segunda ocasión. Esto último, para cumplir con los términos de juicio rápido.
Sin embargo, transcurridos unos 7 meses de presentada la querella, esto es, en agosto de 2008, aún no se había celebrado la vista adjudicativa. Más bien, se fijó el señalamiento de esa vista para septiembre de 2008. No detectamos del expediente del caso, una justificación para tal dilación. De acuerdo a lo que colegimos del expediente del caso, la dilación se propició, en parte, por las transferencias de la vista de necesidad para ventilar la solicitud de circuito cerrado, las cuales se señalaron y reseñalaron a solicitud del Procurador de Menores. De otra parte, la demora se debió a la inacción del TPI por fijar los señalamientos de la vista de necesidad que se pretendía celebrar previo a la vista adjudicativa, y además, a la inacción del Procurador de Menores por solicitar que una y otra vista se celebrara dentro de los términos reglamentarios. En resumen, la demora en la celebración de la vista adjudicativa en este caso, se debió a la falta de diligencia del Procurador de Menores y a razones institucionales. Por una u otra razón, la tardanza es imputable al Estado y resulta inexcusable.
Destacamos que la primera solicitud de transferencia de vista se suscitó en febrero de 2008, y ello, ya que el Procurador de Menores no pudo presentar su perito. Es cierto que la suspensión de un señalamiento, por razón de la ausencia de un testigo, puede entenderse que no viola el derecho ajuicio rápido. Ahora bien, esto queda supeditado a que el Estado demuestre que se trata de un testigo de cargo cuyo testimonio sea esencial para probar los hechos imputados, y además, debe acreditarse que el Procurador de Menores fue diligente en sus gestiones por conseguir la comparecencia de aquél. Pueblo en interés menor R.G.G., supra, pág. 464.
Sin embargo, en este caso, el Procurador de Menores no fue diligente en su esfuerzo por lograr la comparecencia de su perito. Ello se infiere, primero, del hecho de que la querella ya había sido desestimada en una ocasión anterior, por haber transcurrido en exceso los términos para celebrar la vista adjudicativa, sin que el Procurador de Menores produjera la comparecencia del referido perito en las vistas de necesidad; y segundo, ya que en dos ocasiones, dicho funcionario meramente se movió a sugerir fechas en las que podría procurar la comparecencia de aquél. Finalmente, cuando tuvo oportunidad de presentar el testimonio del referido perito en la vista de necesidad que se celebró en agosto de 2008, ni siquiera se le sentó a declarar.
Luego de haber promovido múltiples reseñalamientos, insistiendo en la relevancia de la opinión pericial en cuestión, el Procurador de Menores se limitó a resumir la opinión del perito. Luego de todo el tiempo que había transcurrido, simplemente se indicó que alegadamente el perito entendía que la alegada víctima del caso ya no presentaba las circunstancias emocionales que motivaron la solicitud de que se vertiera su testimonio mediante circuito cerrado.
*589 Súmese a lo anterior que, independientemente, el testimonio de este perito no era esencial para probar los hechos imputados al peticionario. La comparecencia del referido perito, más bien estaba ligada a un asunto incidental al caso, a saber, rendir su opinión respecto a si la alegada víctima debía o no verter su testimonio mediante circuito cerrado.
Por tanto, estimamos que no se cumplió con la normativa que permite tener por justificada la suspensión de las vistas por la ausencia de testigos. Haciendo un balance de los criterios que establece la jurisprudencia, y tomando en cuenta la totalidad de las circunstancias de este caso, concluimos que el Procurador de Menores no podía invocar justa causa para la dilación por razón de la incomparecencia y alegada relevancia del testimonio de su perito.
Por otro lado, percibimos la inacción del TPI en fijar las fechas para la celebración de las vistas, tanto la de necesidad, como la adjudicativa. Como indicamos antes, no encontramos en el expediente motivo aparente que justificara la dilación en la celebración de la vista adjudicativa. En este caso, el proceso para determinar si el peticionario debía ser hallado o no incurso en la falta imputada, debió celebrarse, en el peor de los casos, en marzo de 2008. Esto, tomando en cuenta que el peticionario quedó sujeto a responder nuevamente con la presentación de la querella en enero de 2008. No nos parece razonable que se fijara finalmente la vista adjudicativa para septiembre de 2008, esto es, unos 6 meses en exceso de lo que permiten los términos de juicio rápido. Máxime, cuando la defensa fue proactiva en reclamar el derecho del peticionario a juicio rápido, de manera oportuna y fundamentada.
Todo lo anterior refiere a la concurrencia de una demora institucional que, a fin de cuentas, es imputable al Procurador de Menores. En un período de 3 años (desde el 2005 hasta el 2008), el Pueblo contó con dos oportunidades para lograr procesar al peticionario y no descargó adecuadamente sus funciones. No debe penalizarse al peticionario, o permitir que se afectara su defensa, por la inacción y falta de diligencia del Estado.
IV
En mérito de lo anterior, expedimos el auto de certiorari solicitado y revocamos el dictamen del TPI. Más aún, en virtud de la Regla 6.2(2)(e) de Procedimiento para Asuntos de Menores, supra, desestimamos la querella presentada contra el peticionario. Nuestro dictamen se fundamenta en el hecho de que se le privó de su derecho a juicio rápido, tras la ausencia de celebración de la vista adjudicativa dentro de los términos reglamentarios; y esto último, sin que mediara justa causa o se registrara una renuncia a los términos por parte del peticionario.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. María E. Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIOS 2009 DTA 1

1. En esa moción, la defensa del peticionario comentó que la víctima declaró que no había sucedido nada entre él y el peticionario, y ante la negativa de seguir respondiendo las preguntas del Procurador de Menores a estos efectos, se le trató como testigo hostil.

2. La regla dispone que la vista adjudicativa se celebrará dentro de los 60 días posteriores a la determinación de causa probable si el menor está bajo la custodia de sus padres o persona responsable, o dentro de 30 días si está detenido en un centro de detención, a menos que la demora se deba a la solicitud del menor, sus padre o encargados, o que exista justa causa para ello.

3. Las faltas Clase I refieren a aquellas conductas que incurridas por un adulto constituirían delito menos grave.