ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>DAVID ANDINO VÁZQUEZ; JONATHAN ANDINO VÁZQUEZ; ROBERTO ANTONIO MEDINA PAGÁN<br><br>Recurridos | KLCE202400367 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Criminal Núm.:<br>D LA2023G0043 al 0045<br>D SC2023G0033<br>D SC2023G0034<br>D LA2023G0040 al 0042<br>D LA2023G0046 al 0048<br><br>Sobre:<br>Infr. Art. 6.02 Ley 168; Infr. Art. 6.09 Ley 168; Infr. Art. 6.12 (D) Ley 168; Infr. Art. 401 Ley 4 (2 Cargos) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rivera Marchand, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General (peticionaria o Ministerio Público) y solicita que revoquemos la *Resolución,* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 23 de febrero de 2024. Mediante el referido dictamen, el foro primario desestimó los casos de epígrafe por violación a los términos de juicio rápido, al amparo de la Regla 64 (n)(4) de Procedimiento Criminal.[1]

Por los fundamentos expuestos a continuación, se expide el auto de *Certiorari* solicitado y revocamos el dictamen recurrido.

**I**

Según surge del expediente, el Ministerio Público presentó cinco denuncias en contra del señor David Andino Vázquez, a saber:

---

[1] 34 LPRA Ap. II, R. 64 (n)(4).

Número Identificador:

SEN2024_____

dos por infracción al Artículo 401, sobre venta y distribución de sustancias controladas[2] y tres por infracción a los artículos 6.02, 6.09 y 6.12 de la Ley Núm. 168-2019.[3] Por otra parte, en cuanto al señor Jonathan Andino y el señor Roberto Medina (en adelante, recurridos), el Ministerio Público presentó tres denuncias en contra de cada uno, por infracción a los artículos 6.02, 6.09 y 6.12 de la Ley Núm. 168-2019, respectivamente.

Así las cosas, el 21 de marzo de 2023, el foro primario encontró causa para acusar por todos los delitos imputados. En su consecuencia, el 24 de marzo de 2023, el Ministerio Público presentó los pliegos acusatorios contra los recurridos y culminados los procesos de rigor, el foro primario señaló el juicio, a celebrarse el 31 de mayo de 2023.

El día del referido señalamiento, el Ministerio Público informó que no se encontraba listo y, en su consecuencia, el juicio fue reseñalado para el 18 de julio de 2023. Debe añadirse que, los recurridos manifestaron que no estaban renunciando a los términos de juicio rápido.

El 18 de julio de 2023, compareció un sólo testigo y nuevamente el Ministerio Público expresó no estar listo para ver el juicio. Así las cosas, el foro primario reconoció que los términos de juicio rápido estaban próximos a vencer, pero que podían extenderse hasta el 2 de agosto de 2023. Con la anuencia de ambas partes, dicha fecha fue constituida como el último día de los términos.

Llegado el 2 de agosto de 2023, comparecieron cuatro de los testigos anunciados por parte del Ministerio Público. Según se desprende de la minuta, la representación legal de los acusados argumentó que, para iniciar el juicio, tenían que estar presentes y disponibles todos los testigos del Ministerio Público que fueron

---

[2] Ley Núm. 4 del 23 de junio de 1971, *Ley de Sustancias Controladas de Puerto Rico*, 24 LPRA sec. 2401.
[3] 25 LPRA secs. 466a., 466h y 466k.

anunciados. Por ese motivo, la parte recurrida argumentó que procedía la desestimación de todos los cargos por violación a los términos de juicio rápido.

En respuesta, el Ministerio Público manifestó estar listo para iniciar el juicio con los testigos disponibles y presentes en ese momento y suplicó al TPI que comenzara el desfile de la prueba. Además, argumentó que le correspondía al Ministerio Público decidir si estaba preparado para celebrar el juicio e identificar qué prueba interesaba presentar. Luego de evaluar las posturas de las partes, el foro primario determinó que procedía la celebración de una vista evidenciaría para dilucidar la controversia y, a su vez, reseñaló el juicio.

Así las cosas, el día del nuevo señalamiento de juicio (11 de septiembre de 2023) comparecieron tres testigos y se informó que un cuarto testigo estaba disponible. Sin embargo, uno de los testigos anunciados por el Ministerio Público no compareció. La representación legal de la defensa insistió en que, todos los testigos del Ministerio Público tenían que estar disponibles y/o presentes en sala y reiteró su solicitud de desestimación de los cargos. El foro primario expresó que el testigo presuntamente ausente, nunca había comparecido. Añadió que, le había brindado tiempo suficiente al Ministerio Público para que estuviera preparado. De igual manera, aclaró que, por encontrarse en el primer día de juicio, los testigos tenían que estar disponibles pues de lo contrario, tenían que ser renunciados y, en consecuencia, ponerse a disposición de la otra parte. En todo momento, el Ministerio Público reiteró que se encontraba preparado para comenzar el juicio y en particular fundamentó su postura conforme lo resuelto en *Pueblo v. Méndez Rivera* 188 DPR 148 (2013).

Tras la celebración de una vista evidenciaría al amparo de la Regla 64 (n)(4) de Procedimiento Criminal, *supra,* el TPI declaró ha

lugar el petitorio desestimatorio por violación a los términos de juicio rápido y ordenó la remoción de los grilletes electrónicos a cada acusado. En desacuerdo, el Ministerio Público suplicó al foro primario que reconsiderara su dictamen.[4] No obstante, denegó la solicitud de reconsideración.[5] Así las cosas, el 23 de febrero de 2024, el TPI emitió una *Resolución* por escrito, en la cual expuso los fundamentos considerados para desestimar las acusaciones.

En desacuerdo con el dictamen, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, comparece ante esta Curia y señala que el TPI cometió el siguiente error:

> El Tribunal de Primera Instancia abusó de su discreción al desestimar las acusaciones que pesaban contra los recurridos, cuando no ocurrió una supuesta violación a los términos de juicio rápido, ya que el Ministerio Público afirmó que estaba preparado para comenzar el juicio con los testigos que estaban presentes en sala.

(Negrillas suprimidas).

En cumplimiento con nuestra *Resolución* emitida el 5 de abril de 2024, los recurridos presentaron su *Escrito en Oposición a que se Expida Auto de Certiorari*, por lo que, con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

**II**

**A.    *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario le solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza*

---

[4] El Ministerio Público acudió ante nosotros mediante *Certiorari*, KLCE202301266. Sin embargo, este foro apelativo desestimó el recurso por ser prematuro. Toda vez, que el foro primario aún no había resuelto la *Reconsideración.*

[5] El 16 de enero de 2024, el Ministerio Publico, instó un recurso *Certiorari* KLCE202400054, para impugnar la Resolución del foro primario. En esta ocasión, arguyó que el foro primario había incumplido al no exponer por escrito los fundamentos que utilizo para desestimar la acusación. En consecuencia, expedimos el *Certiorari* y se devolvió el caso al Tribunal de Primera Instancia para que hiciera una determinación escrita en cumplimiento con la Regla 64, *supra.*

*Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR

145, resuelto el 19 de diciembre de 2023; *Pueblo v. Rivera Montalvo*, supra, págs. 356-357.

### B.  El derecho a juicio rápido

"El derecho a un juicio rápido se encuentra consagrado tanto en la Constitución de Estados Unidos, como en la Constitución de Puerto Rico". *Pueblo v. Catalá Morales*, 197 DPR 214, 222-223 (2017); Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1; Enmda. VI, Const. EE.UU., LPRA, Tomo 1. En lo pertinente, la Constitución de Puerto Rico reconoce que, todo acusado "disfrutará del derecho a un juicio rápido y público". Este derecho tiene propósito dual: vindicar el derecho constitucional del acusado y al mismo tiempo, el derecho a la sociedad a que se juzgue sin demora a quienes violenten sus leyes. *Pueblo v. Thompson Farberllé*, 180 DPR 497,502 (2010).

Para garantizar este derecho constitucional, la Asamblea Legislativa aprobó la Regla 64 (n)(4) de Procedimiento Criminal, *supra*, que establece lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> [...]
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> [...]
>
> (4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.
>
> [...]
>
> Además, la precitada legislación también establece:
>
> Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:

(1) Duración de la demora;
(2) razones para la demora;
(3) si la demora fue provocada por el acusado o expresamente consentida por éste;
(4) si el Ministerio Público demostró la existencia de justa causa para la demora, y
(5) los perjuicios que la demora haya podido causar.

[…]

(Énfasis nuestro).

Con relación a la referida legislación, nuestro Tribunal Supremo ha reiterado en múltiples ocasiones que el derecho a juicio rápido no es una protección absoluta para el acusado ni opera en un vacío. *Pueblo v. Custodio Colón*, 192 DPR 567, 581 (2015). Cabe mencionar, que el término de juicio rápido comienza a transcurrir desde que un juez determina causa probable para el arresto, cita o detiene al imputado para responder por el delito. *Pueblo v. Valdés et al.*, 155 DPR 781, 788 (2001).

A su vez, los criterios que el tribunal evaluará son los siguientes: (1) duración de la tardanza; (2) razones para la demora; (3) si el acusado invocó oportunamente el derecho, y (4) el perjuicio causado por la tardanza. Se ha resuelto que ninguno de estos factores será determinante y todos están sujetos a un balance. *Pueblo v. Guzmán*, 161 DPR 137, 154-155 (2004); *Pueblo v. Valdés et al.*, supra, pág. 792; *Pueblo v. Santa-Cruz*, 149 DPR 223, 237 (1999); *Pueblo v. Rivera Tirado*, 117 DPR 419, 433 (1986).

Al realizar este análisis es importante tener en cuenta que no estamos ante un ejercicio de "tiesa aritmética" en el que la inobservancia del término, por sí sola, constituye una violación al derecho a juicio rápido, ni tampoco conlleva la desestimación de la denuncia o la acusación. *Pueblo v. Guzmán, supra,* pág. 154. La determinación de qué constituye justa causa debe hacerse caso a caso y a la luz de la totalidad de las circunstancias. *Pueblo v. Santa-Cruz, supra,* págs. 239-240.

Como es sabido, la violación a los términos de juicio rápido acarrea la desestimación de los cargos y, por consiguiente, la culminación de la acción penal. *Pueblo v. Martínez Hernández*, 208 D.P.R. 872, 883 (2022). Ahora bien, el incumplimiento del plazo por sí solo no necesariamente constituye una infracción al derecho de juicio rápido. *Pueblo v. Valdés et al.*, *supra*, pág. 793. Hay que tener en cuenta, que a pesar de que el derecho a juicio rápido es un derecho fundamental, no es un derecho absoluto. *Pueblo v. García Vega*, 186 DPR 592, 610 (2012).

### C.   Prerrogativa del Ministerio Público

La Constitución de Puerto Rico expresamente consagra, un "sistema republicano" de gobierno.[6] Así se explica, que el andamiaje del Gobierno de Puerto Rico está cimentado en el principio básico de "separación de poderes" entre la Rama Ejecutiva, Legislativa y Judicial. *Pueblo v. Rivera Santiago*, 176 DPR 559, 577 (2009).

Precisamente, la rama ejecutiva ostenta la prerrogativa de implementar las leyes penales, a través de los fiscales adscritos al Departamento de Justicia. *Íd.*, págs. 577-578. De modo que, "[e]stos funcionarios poseen *amplia discreción* en el descargo de sus funciones". *Íd.*, pág. 578. (Énfasis en el original) (Citas omitidas).

Sin embargo, esta discreción no es total o absoluta, más bien, está limitada por consideraciones de índole constitucional y de política pública. *Íd.* (Citas omitidas). A tenor con lo anterior,

> […] el Estado es quien decide si puede probar su caso con la evidencia que posee. En ese sentido, el Ministerio Público tiene la potestad de procesar al acusado, indistintamente de la cantidad de prueba que finalmente decida ofrecer, si entiende que puede prevalecer. *Íd.*, pág. 579. [7]

---

[6] Art. I, Sec. 2, Const. ELA, LPRA, Tomo 1.

[7] Véase además en la cita, nota al calce 18: Nótese que nuestro ordenamiento jurídico no discrimina en cuanto al número o a la cantidad de prueba que pueda presentarse en un juicio. [Reglas 10(D) y (E) de Evidencia].

Precisamente, en *Pueblo v. Rivera Santiago, supra,* nuestro Tribunal Supremo atendió particularmente si procede la desestimación por violación a los términos de juicio rápido, cuando el Ministerio Público manifiesta estar listo para comenzar el juicio con los testigos que tiene disponibles en ese momento. *Íd.*, pág. 568. En esa ocasión, nuestro más Alto Foro resolvió que:

> [...] la determinación del foro primario interfirió indebidamente con la discreción del Ministerio Público de acusar y procesar al acusado. Es decir, se afectó la facultad del Ministerio Público de presentar la prueba (testigos) que deseaba utilizar, con independencia de la cantidad. Al así actuar, no se guardó deferencia alguna a la potestad ejecutiva de acusar y procesar a quien infringe la ley. *Íd.*, pág. 582.

Finalmente, y de forma persuasiva, debemos hacer referencia a la Opinión de Conformidad emitida por el Juez Asociado Kolthoff Caraballo, en *Pueblo v. Méndez Rivera*, (Sentencia) 188 DPR 148 (2013), a la cual se unieron los Jueces Asociados Rivera García, Feliberti Cintrón y Estrella Martínez.  En lo pertinente, el Juez Asociado Kolthoff Caraballo hizo referencia a lo resuelto en *Pueblo v. Rivera Santiago* supra, y consignó lo siguiente;

> [...] el foro de instancia debió permitirle al Ministerio Público comenzar el juicio con la prueba que tenía en ese momento, en este caso los seis testigos de cargo que se encontraban presentes en sala. Claro está, en circunstancias como las del caso de autos, **el Ministerio Público debe ser consciente del riesgo y de la posible consecuencia de iniciar el juicio solo con la prueba que tiene disponible en ese momento. Específicamente que, si llegado el momento le falta algún testigo por presentar, no podrá pedir que se suspendan los procedimientos para continuar en otra ocasión, en la expectativa de que por fin comparezca el resto de su prueba.** [...]
>
> [...]
>
> En vista de lo anterior, entiendo que una vez el **Ministerio Público manifestó que estaba preparado para comenzar el juicio, procedía que el foro de instancia decretara el inicio de los procedimientos, pues no podía interferir con la potestad que posee el Ministerio Público de presentar su prueba sin importar la cantidad de testigos de cargo que tuviese en ese momento en sala.** Al actuar contrario a esto, el tribunal de instancia abusó de su discreción. [...] Énfasis nuestro. *Íd.*, pág. 163-164.

### D. Efectos de un testigo de cargo anunciado

El Tribunal Supremo ha resuelto que cuando el Ministerio Público decide no utilizar en el juicio los testigos previamente anunciados, el acusado tiene disponible la presunción evidenciaria respecto a que "[t]oda evidencia voluntariamente suprimida resultará adversa si se ofreciere". Regla 304 (5) de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 304(5); *Pueblo v. Rivera Santiago, supra,* págs. 582-583.

En consecuencia, para evitar esta presunción, "el Ministerio Público tiene la obligación de poner esos testigos de cargo a disposición de la defensa [...]". *Íd.* En lo pertinente, el Tribunal Supremo estableció en *Pueblo v. Rivera Santiago, supra,* lo siguiente:

> De lo anterior surge con meridiana claridad, que el derecho de la defensa a tener acceso a los testigos que el Ministerio Público decida no utilizar no es un derecho absoluto. De ahí que si el Ministerio Público no hace o no puede hacer tal gestión, tendrá en su contra la presunción de la Regla 16(5) de Evidencia, supra. **Es decir, es el Ministerio Público quien tiene la prerrogativa de decidir si pone a los testigos no utilizados en el juicio en favor de la defensa o si deja que la presunción de evidencia le aplique con el correlativo efecto pernicioso en la prueba de cargo y el caso.** *Íd.,* págs. 583-584 (Énfasis nuestro).[8]

De otra parte, nuestras reglas evidenciarias reconocen la figura del testigo no disponible. El inciso (b)(1) de la Regla 806, 32 LPRA Ap. VI, R. 806, permite -a modo de excepción- la admisibilidad del testimonio anterior de un testigo no disponible, si la parte contra la cual se ofrece la declaración anterior tuvo la oportunidad de confrontarlo durante la misma. Conforme establece la Regla 806 (a)(4) de las Reglas de Evidencia, *supra,* un testigo no disponible es, entre otros, aquella persona que -a la fecha del juicio o vista- está

---

[8] La aludida Regla 16(5), vigente al momento del caso citado, disponía la presunción de que la evidencia voluntariamente suprimida sería adversa si la parte la ofreciere, es equivalente a la Regla 304(5) vigente.

imposibilitada de comparecer a testificar debido a una enfermedad, impedimento mental o físico. A esos efectos, le corresponde a la parte ofrecer y lograr la admisión de dicha prueba correspondiente al testimonio anterior en una vista o una deposición.

**III**

Expuesto el marco jurídico y evaluadas las posturas de las partes, pasamos a resolver. En su *Petición de Certiorari,* el Ministerio Público impugna la desestimación de las acusaciones por violación a los términos de juicio rápido, al amparo de la Regla 64 (n)(4), *supra,* ordenado por el TPI.  En el error señalado, el Ministerio Público aduce que incidió el foro primario al no permitirle iniciar el juicio con los testigos presentes y desestimar las acusaciones. Le asiste la razón.

Conforme surge del tracto procesal, el juicio fue señalado -con la anuencia de las partes- a celebrarse el 2 de agosto de 2023, como último día para cumplir los términos de juicio rápido. Ese día, el Ministerio Público expresó que estaba preparado para comenzar el juicio con los testigos en sala. Sin embargo, en lugar de autorizar el desfile de la prueba, el TPI celebró una vista evidenciaria y desestimó todos los cargos contra los recurridos.

La normativa antes expuesta establece que, el Ministerio Público tiene la potestad ejecutiva de acusar y procesar a quien infringe la ley. Como corolario a lo anterior, nuestro ordenamiento jurídico no discrimina en cuanto al número o cantidad de la prueba que pueda presentarse en un juicio para probar todos los elementos de los delitos imputados contra cada uno de los acusados. El Tribunal Supremo ha reconocido la potestad y prerrogativa indelegable del Ministerio Público de determinar, dentro de su estrategia de litigio, la forma y manera de la presentación de su prueba, sin menoscabo de los derechos de la defensa y el debido

proceso de ley. A esos efectos y en particular, debemos resaltar que, en *Pueblo v. Rivera Santiago*, supra, a la página 583, el Alto Foro determinó que, el derecho de la defensa a tener acceso a los testigos que el Ministerio Público decida no utilizar no es un derecho absoluto y mucho menos debe ser impedimento para que se celebre un juicio dentro de los términos de juicio rápido. De hecho, los postulados antes enunciados y reglas evidenciarias podrían ser objeto de análisis y adjudicación por el juzgador de los hechos, de forma más conveniente, dentro del propio proceso de juicio en su fondo, pero no antes.

Al entender sobre la presente causa, colegimos que, el TPI -en un cuadro fáctico similar a lo resuelto en *Pueblo v. Rivera Santiago*, supra- obvió el hecho de que, a la fecha del 2 de agosto de 2023, no había vencido el término de juicio rápido porque precisamente se encontraban en el último día de los términos. *Íd.* a la pág. 584. En el caso que nos ocupa, colegimos que, el foro primario incidió en su proceder al ignorar la postura del Ministerio Público quien informó estar preparado con los testigos presentes. A su vez, el foro primario intervino con las prerrogativas del Ministerio Público, en cuánto a la evidencia que utilizaría para encausar a los acusados y la discreción sobre el orden y manera en que presentaría su prueba. Le corresponde al Ministerio Público asumir la responsabilidad y el riesgo de presentar el *quantum* de la prueba necesario para probar su caso contra cada uno de los acusados.

Hemos evaluado sosegadamente la totalidad de las circunstancias de este caso y no identificamos la razonabilidad de la determinación del TPI al no permitir el inicio del juicio, el 2 de agosto de 2023, dentro de los términos de juicio rápido. El Ministerio Público afirmó estar listo para ver el juicio con los testigos presentes -dentro de los términos de juicio rápido- y fue el foro primario quien le impidió ejercer su prerrogativa. Al así actuar, se abstrajo del

Derecho y excedió los parámetros de su discreción. En su consecuencia resolvemos que, el TPI cometió el error señalado.

En conclusión, y ante este cuadro fáctico colegimos que, se reúnen los criterios de la Regla 40, *supra,* para fundamentar la expedición del auto de *certiorari* y revocación del dictamen recurrido. No intervenir en esta etapa de los procesos propendería un fracaso a la justicia.

**IV**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari,* revocamos el dictamen recurrido y devolvemos el caso al Tribunal de Primera Instancia para la inmediata continuación de los procesos conforme lo aquí resuelto.

En particular, ordenamos la reinstalación de los pliegos acusatorios contra todos los recurridos. Ordenamos al foro primario reinstalar la fianza y las condiciones originalmente impuestas. En aras de garantizar mayor agilidad y economía procesal, el TPI deberá calendarizar de forma expedita el juicio en su fondo, sin necesidad de aguardar por la expedición del correspondiente mandato.[9]

**Notifíquese inmediatamente a las partes y a la Honorable Jueza María Zoraida Trigo Ferraiuoli.**

Lo acordó y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] 34 LPRA Ap. II, R. 214.